No. 81-393

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

IN RE THE MARRIAGE OF

EVELYN I. BAKER,

       Petitioner and Respondent,

  -vs-

DEWEY F. BAKER,

       Respondent and Appellant.

---

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula, The Honorable
James B. Wheelis, Judge presiding.

Counsel of Record:

    For Appellant:

        Recht and Greef, Hamilton, Montana

    For Respondent:

        Terry Wallace, Missoula, Montana

---

Submitted on Briefs: March 11, 1982

Decided: June 10, 1982

Filed: **JUN 1 0 1982**

*Thomas J. Kearney*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the judgment of the District Court of the Fourth Judicial District, in and for the County of Missoula, arising out of a marital dissolution.

At the time of their divorce, Evelyn and Dewey Baker entered into a property agreement dated June 27, 1980. This agreement was approved by the court and entered into the decree of dissolution on that same date. Under the terms of the property agreement, among other provisions, the parties agreed that all family obligations of the parties incurred by them prior to August 7, 1979, were to be the sole and separate obligations of the appellant husband. Obligations incurred since that date by the parties individually were to be the separate obligations of the party who incurred the obligations.

The parties agreed that the wife would have full custody and control of the five minor children, that the husband was to have reasonable visitation rights and certain periods of time during the summer and holidays; in addition, the appellant husband was to make arrangements with the wife prior to these visitations. The husband was to pay all medical and dental bills.

The husband was to convey to the wife an apartment complex owned by the parties in Missoula, Montana, the income from which was to be used by her as and for the obligation of the husband to pay support, maintenance and care and education of the parties' minor children. The appellant husband further agreed with regard to the conveyance of the apartment to provide an income to the wife of at least $1,000 per month. This was set up so in the

event the gross rents received from such apartments did not exceed $1,000 for any one month, the respondent wife would notify the husband of such deficit and he was to make up the difference in a cash payment within fifteen days.

Pursuant to the property agreement the appellant husband agreed to deposit in the Farmers State Bank in Victor, Montana, the sum of $1,000 and to maintain that account in the name of the respondent wife, and to further maintain a balance in the account of $1,000. With regard to this agreement it was understood that the respondent could draw upon this account at any time the gross rents received from the apartments were less than $1,000 for any one given month. In the event that the wife drew on the account, the husband had the obligation to return the account to its $1,000 balance within the fifteen-day period. In addition, the agreement provided that at any time the respondent wife drew upon the account, when the gross rents received from the apartments were equal to or exceeded $1,000, or drew upon the account for the reason other than making up for the reduction in the gross rents received from the apartments, for any given month, the account in the Farmers State Bank would be closed and all proceeds therein returned to the appellant husband.

The ink was hardly dry on the trial judge's signature to the dissolution agreement before the parties were once again back in court. On February 13, 1981, the respondent wife petitioned the District Court for a restraining order to prevent the appellant husband from exercising his visitation rights and petitioned the District Court for a hearing on arrearages and support payments and numerous other

problems she was having as a result of having custody of the children.

Hearings were held on the wife's motion to enforce the decree on May 15, 1981 and May 22, 1981, in the Ravalli County Courthouse. Following these hearings the court, on June 18, 1981, entered an order based upon the evidence of the hearings. Within less than two weeks, the appellant husband filed motions for a new trial and for alteration or amendment of the order of the District Court, both pursuant to Rule 59, M.R.Civ.P. The husband further moved to set aside the order because there were no findings of fact or conclusions of law, to stay the execution and enforcement of the order, and to modify the support provisions of the original order.

It would appear that the appellant husband, realizing that the motions for a new trial and for amendments were not timely, on July 22, 1981, filed a notice of appeal. Thereafter, on November 4, 1981, the appellant husband moved for a stay of execution. That motion was denied after a brief hearing, and the appellant husband then moved the court to reestablish visitation with his children. That motion was heard on December 21, 1981, and a transcript of that hearing was included on this appeal.

On August 13, 1981, the court did enter findings of fact and conclusions of law pursuant to the request of the husband in his June 29, 1981, motion.

Five issues are presented for consideration:

1. Whether the order dated June 18, 1981, should be vacated and reversed for failure to include findings of fact and conclusions of law.

-4-

2. Whether the change of visitation ordered by the supplemental decree dated May 15, 1981, was supported by findings of fact or by evidence.

3. Whether the order of the court establishing the appellant's arrearages in the amount of $2,849 is supported by the evidence.

4. Whether the order of the court compelling the appellant to pay management fees is supported by the law or the facts.

5. Whether the order compelling a reestablishment of escrow account is an impermissible modification of the binding agreement of the parties.

Here, the decree of dissolution of marriage was entered on July 14, 1980. By motion dated February 13, 1981, the wife sought to enforce the decree as to the payment of child support and real property taxes, and also sought that the visitation privileges of the husband be changed. We are not involved with an appeal from a judgment following trial. The last sentence of Rule 52(a), M.R.Civ.P., disposes of the issue, stating:

> "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)."

Rule 41(b) pertains to involuntary dismissal of actions and is not applicable here. As a result, we conclude that under Rule 52(a) findings of fact and conclusions of law were not required under the rules.

Issue two involves the change of visitation by the appellant husband. As in so many cases where the word "reasonable" visitation rights are put into the decree, the interpretation of the word "reasonable" is left to two

unreasonable parties. That is the situation here, and the District Court found it necessary to modify the decree to set forth a scheduled visitation that both parties could live by.

The evidence submitted at the hearings clearly shows that the husband abused his privileges under the visitation rights set forth in the original decree. The trial court merely clarified those rights by permitting both parties to have alternative weekend visitations and setting a specific forty-day summer visitation. In addition, the court provided for the manner in which the appellant husband was to arrange visitations. These restrictions and clarifications were warranted by the evidence presented to the court, and there is clearly no abuse of its discretion.

The third issue is directed to arrearages which the appellant husband argues are not supported by the evidence. We find this a frivolous issue because the appellant admits that the $2,369.27 arrived at by the District Court was agreed upon at the hearings after considerable evidence was placed before the court. Appellant takes issue with the fact that the trial court failed to give him credit of $150 for a stove given to the wife at the time of dissolution. This type of pettiness deserves little attention on appeal. The court had sufficient evidence before it as to the amount due on June 15, 1981, and the amount in arrearage. There is ample evidence for the court's findings and conclusions, and we find no abuse of discretion.

The next issue is directed at the requirement that appellant pay for property management fees for the apartment complex deeded to the respondent. The four-plex apartment

complex involved here is within several blocks of the University of Montana and is described as being among the most rentable type of property in Missoula. Following the taking over of the complex by the wife, there was testimony to the effect that there were vacancies in the apartments. Therefore, the income from the property did not come up to expectations, and the arrearage complained of by the respondent wife occurred.

The husband testified that this was very rentable property and there should have been people in the apartments throughout the time involved. In his view the vacancies occurred because of mismanagement by respondent. As one of his witnesses, appellant had a real estate agent familiar with the rentals in Missoula testify. His testimony was to the effect that for a rather minor fee, approximately 5%, he could manage the property and successfully keep it full.

As a result of this testimony, the court found that the property could earn more under professional management and, because of the evidence produced by the husband that this is what he wanted, the trial court directed that the property be managed by a competent real estate person in Missoula and that the husband pay for same. We find no merit to the appellant's contentions in this matter.

The next issue is directed at the trial court's re-establishment of the escrow account set up in the property settlement agreement. Appellant argues that the court had no authority to modify the terms of the binding separation agreement unless it found that the welfare of the children was being affected or that a change of circumstances had occurred so substantial and continuing as to make the terms

unconscionable.

The child custody and property agreement provided that the escrow could be closed by the husband if the wife "draws on said account for a reason other than making up for such reduction in gross rents received from the apartments, for any given month . . ." The respondent wife testified that due to vacancies and other economic factors, the rental income fell short of that anticipated.

The property agreement here was written by appellant and is silent on what the wife was to do if the husband owed her child support when the escrow account was established. In this instance, the escrow account was not established immediately after the dissolution was granted but several months later because the parties were signing mutual deeds and transferring property. However, the necessity to care for the children as provided by the decree was a continuing obligation during the period in which the various deeds were being passed back and forth by the husband and wife and their attorneys. Under these circumstances, we find no breach by respondent of the agreement, by withdrawing money and using it for the support of the minor children. Therefore, the court did not abuse its discretion in directing the husband to reestablish the account and comply with the terms of the agreement.

Finding no abuse of discretion in any of the District Court's actions herein, the trial court is affirmed. Respondent is awarded costs on appeal.

_John Conway Harrison_
Justice

We concur:

_Gene B. Daly_

_Daniel J. Shea_

_Frank I. Morrison_

_Fred J. Weber_
Justices