No. 85-580

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

IN RE THE MARRIAGE OF
MARK WAYNE VINECKE,

Petitioner and Respondent,

and

JUDY ANN VINECKE,

Respondent and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jones Law Firm; Blair Jones, Billings, Montana

For Respondent:

Berger Law Firm; Chris J. Nelson, Billings, Montana

Submitted on Briefs: March 6, 1986

Decided: April 17, 1986

Filed: APR 17 1986

_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Respondent, Judy Vinecke, appeals the September 5, 1985, order of the Thirteenth Judicial District Court granting a fixed visitation schedule to Petitioner, Mark Vinecke. We affirm.

Mark filed a petition for dissolution on July 28, 1984. At that time, Mark, Judy and their two minor children lived in Billings. During the pendency of the dissolution proceedings, Judy and the children moved to Butte; Mark continued to reside in Billings. The parties' marriage was dissolved on December 3, 1984. Judy was granted custody of the two minor children, Keith and Kristen, with reasonable right of visitation awarded to Mark. At the time of dissolution, Keith was nearly three years of age and Kristen was one and a half.

In the ensuing months, Mark was permitted to visit the children once, on February 14, 1985, while he was in Butte on business. Following further unsuccessful attempts to arrange visitation, Mark filed a petition on May 21, 1985, requesting the court to grant a fixed visitation schedule.

The matter came on for hearing August 1, 1985. Mark testified that the court's assistance was necessary to determine the question of reasonable visitation. He further testified that he made numerous attempts to arrange visitation, but that Judy did not have a phone and would not respond to his messages. Judy testified that Keith was a behavioral problem when he returned home following a month's stay with Mark during August 1984, and that both Keith and Kristen had shown fear of Mark when he visited them in Butte.

The next witness was Dr. George Swaggerty, a clinical psychologist hired by Judy to determine whether the children had experienced trauma from Mark's visit and the on-going conflict between Mark and Judy. Dr. Swaggerty testified that he believed the children were traumatized by inconsistent and collective visitation, and that visitation should be arranged on a graduated basis, with Mark seeing the children only for

2

periods of several hours the first six months. Dr. Swaggerty felt that if things went well the first six months, then overnight visitation should follow.

By order dated September 5, 1985, the District Court granted Mark's petition allowing fixed visitation, with visitation to occur for one month during the summer and on alternating holidays. The order contained the following findings and conclusions:

> The parties have been unable to implement visitation under a "reasonable times and places" standard, with the result that petitioner seeks the adoption of a fixed visitation schedule, while respondent supports the suggestions of her clinical psychologist for a gradually-commencing and consistently-enlarging visitation program, as tolerances of the children allow.

> After consideration, it is concluded:

> That neither request is ideal from the standpoint of the best interests of the children, but respondent's request suffers the additional disadvantage of being impractical both because of the geographical distance involved and the fact that the psychologist's program requires reasoning and reasonableness by the parties, being ingredients which are not available in the circumstances of the attitudes and motivations of the parties.

Judy appeals the order and raises the following issues:

1. Whether the District Court erred in failing to set forth specific findings of fact upon which the court concluded that Mark's fixed visitation schedule was in the best interests of the minor children of the parties.

2. Whether the adoption by the District Court of Mark's fixed visitation schedule constitutes an abuse of discretion in that it is not supported by the evidence and the visitation schedule does not serve the best interests of the minor children of the parties.

Judy asserts the District Court erred by failing to enter specific findings of fact and conclusions of law pursuant to Rule 52, M.R.Civ.P. We disagree. The last sentence of Rule 52(a), M.R.Civ.P., reads: "Findings of fact and conclusions of law are unnecessary on decisions of motions

3

under Rules 12 or 56 or any other motion except as provided in Rule 41(b)." Rule 41(b) concerns involuntary dismissal of actions and does not apply in this instance. In Baker v. Baker (Mont. 1982), 646 P.2d 522, 39 St.Rep. 1031, we held that the District Court did not err by failing to include specific findings and conclusions in its order specifying the husband's visitation rights.

In the case at bar, although the district judge was not obligated to enter findings of fact and conclusions of law, the order does contain findings and conclusions. The findings of fact are: 1) the parties have been unable to implement reasonable visitation; 2) petitioner seeks a fixed visitation schedule; and 3) respondent desires a slowly enlarging visitation schedule as recommended by the clinical psychologist. The conclusions of law are: 1) neither request is ideal for the best interests of the children; 2) respondent's request is impractical because of the geographical distance involved and that the clinical psychologist's recommendation requires reasonableness by the parties which is lacking in both parties. These findings and conclusions are supported by substantial, credible evidence in the record.

Recently, in In Re The Custody and Support of B.T.S. (Mont. 1986), _____ P.2d _____, 43 St.Rep. 37, this Court remanded the case to the District Court for its failure to include sufficient findings in making an award of joint custody. In that case, we noted that § 40-4-223, MCA, requires the District Court to consider the factors listed under § 40-4-212, MCA, as well as other relevant criteria raised by the facts in evidence, such as the parents' cooperation with each other and the distance between their residences. 43 St.Rep. 40, 41.

In Re B.T.S. is not controlling in this case for the issue is visitation, not joint custody, but we do note that in the present case, the district judge gave consideration to

4

the childrens' best interests, the parties' attitudes toward each other, and the distance between the parties' residences.

Judy argues that the granting of a fixed visitation schedule does not serve the best interests of the children, was not supported by the evidence and was an abuse of discretion by the District Court. We disagree. The record reveals Mark was granted a right to reasonable visitation under the dissolution judgment, but Judy did not have a phone and would not respond to his messages to allow him to arrange visitation. Mark visited the children once during the five months following the dissolution. As we said in Baker, supra, "As in so many cases where the word 'reasonable' visitation rights are put into the decree, the interpretation of the word 'reasonable' is left to two unreasonable parties." 646 P.2d 524, 39 St.Rep. 1034. As in Baker, in this case the court's aid was necessary to clarify the meaning of "reasonable." The record shows the parties did not deal with each other reasonably. We find no abuse of discretion in the district judge's conclusion that the lack of cooperation between Mark and Judy would prohibit implementation of graduated basis visitation.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices