No. 91-610

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF

MONICA LYN NASH,

     Petitioner and Respondent,

  and

STEVE ORVILL NASH,

     Respondent and Appellant.

FILED

AUG 2 0 1992

Cd Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Fifteenth Judicial District,
In and for the County of Sheridan,
The Honorable James Sorte, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

          Donna M. Trotter, Winkjer, McKennett, Stenehjem,
Trotter & Reierson, Williston, North Dakota

     For Respondent:

          Mary L. Zemyan, Attorney at Law,
Wolf Point, Montana

Submitted on Briefs:  May 7, 1992

Decided:  August 20, 1992

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

On July 3, 1990, Monica Lyn Nash petitioned the Fifteenth Judicial District Court, Sheridan County, to dissolve her marriage to respondent Steve Orvill Nash. On November 20, 1991, the District Court dissolved the couple's marriage, divided the marital estate between them, awarded sole custody of their only child to Monica, and awarded child support retroactive to the date of the parties' separation in March 1990. From that judgment, Steve appeals. We affirm.

The issues are:

1. Did the District Court err when it awarded Monica sole custody and granted visitation to Steve?

2. Did the District Court err when it awarded child support based on the parties' 1990 tax returns?

3. Did the District Court err when it awarded child support retroactive to the date of separation?

Steve and Monica Nash were married on September 3, 1981. Their marriage was dissolved on November 20, 1991. They have one child, born September 7, 1988. At the time of the hearing on October 17, 1991, Monica was 33 years old, and Steve was 35. Steve is a high school graduate. Monica is not, but plans to get her GED and attend post-secondary classes. Monica lives in Redstone, Montana and works for the Nash family farming corporation. Steve left Redstone in March 1989 when the child was six months old to work in Alaska. Steve works in Cordova, Alaska as a fabricator, building and designing boats with aluminum and steel.

2

In its findings of fact and conclusions of law, the District Court rejected Steve's request for split joint custody which would have given each parent physical custody for six months. Experts performing home studies found both parents fit, but disagreed over the effects of split physical custody on a preschool-aged child. The Court found that it was in the best interests of the child to grant sole custody to Monica. Steve was granted liberal visitation in Redstone, and week-long blocks at other times and locations.

The Court awarded Monica $482.27 per month as child support under the Child Support Guidelines, based on the parties' 1990 tax returns. Monica received gross income in 1990 of $3400, while Steve earned $45,328.18 from his Alaska employment, and $24,165 from his farming interests. However, he claimed a capital loss of $35,276 when he sold his farm real estate and machinery. In calculating child support, the Court disregarded the parties' farming income and loss since it was eliminated in 1990. Thus, the calculation was based on Steve's 1990 Alaska income of $45,328.18, and Monica's income of $3400.

The Court found that Steve failed to establish good cause to deviate from the Guidelines and to excuse him from providing health insurance coverage for his son. The Court ordered Steve to provide health insurance for the child despite the child's eligibility for Indian Health Care, because that facility is a 90-mile-round-trip from Redstone, while alternative health care is only a 35-mile-round-trip.

3

The Court divided the parties' real and personal property as agreed before trial. Steve received 4.32 acres of Alaska property, and Monica received 1.24 acres of Montana property.

Steve was also required to pay child support retroactive to the date of separation totalling $7716.32.

I.

Did the District Court err when it awarded custody and visitation?

The standard of review for custody and visitation is whether substantial credible evidence supports the court's judgment. *In re the Marriage of Cole* (1986), 224 Mont. 207, 211, 729 P.2d 1276, 1279.

Section 40-4-212, MCA, requires a court to determine custody in accordance with the best interests of the child. The court must consider all relevant factors, including those set forth in the statute.

> (1) The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors, including but not limited to:
>
> (a) the wishes of the child's parent or parents as to his custody;
>
> (b) the wishes of the child as to his custodian;
>
> (c) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;
>
> (d) the child's adjustment to his home, school, and community;
>
> (e) the mental and physical health of all individuals involved;

4

(f) physical abuse or threat of physical abuse by one parent against the other parent or the child; and

(g) chemical dependency, as defined in 53-24-103, or chemical abuse on the part of either parent.

The District Court properly considered all relevant factors when it awarded sole custody to Monica. The Court found that it was in the best interests of the child to grant sole custody to Monica based on findings that she is the child's psychological parent and has provided for the child's physical needs, environmental stimuli, emotional needs, and moral development, as well as interaction with Steve's family and home community. The record confirms that the District Court heard sufficient testimony on each of the factors to support its finding. Experts performing home studies found both parents fit, but disagreed over the effects of split physical custody on a pre-school child. It is within the court's discretion to believe one expert over another. The District Court did not abuse its discretion when it awarded sole custody to Monica.

Section 40-4-217, MCA, provides that the parent not granted custody is entitled to reasonable visitation rights. Here, the court granted Steve visitation as summarized:

(1) Liberal visitation when he is in Redstone so long as school is not interrupted;

(2) Week-long blocks every three or four months at the father's home or other appropriate location, provided the child is accompanied by an adult family member when traveling;

5

(3) Fourteen day visitation blocks when the child is in elementary school under the above conditions; and

(4) Increased visitation which he and the child will jointly decide after the child enters junior high.

We hold that the custody and visitation award is supported by substantial credible evidence and the court did not abuse its discretion. Therefore, we affirm on this issue.

II.

Did the District Court err when it awarded child support based on the parties' 1990 tax returns?

Abuse of discretion is the standard for reviewing child support awards. *In re Marriage of Saylor* (1988), 232 Mont. 294, 756 P.2d 1149. Section 40-4-204, MCA, sets forth the factors a court must consider in setting support orders and guidelines for determining support obligations and states in pertinent part:

> (3) (a) Whenever a court issues or modifies an order concerning child support, the court shall determine the child support obligation by applying the standards in this section and the uniform child support guidelines adopted by the department of social and rehabilitation services pursuant to 40-5-209, unless the court finds by clear and convincing evidence that the application of the standards and guidelines is unjust to the child or to any of the parties or is inappropriate in that particular case. [Emphasis added.]

Steve cites *Fronk v. Wilson* (1991), 250 Mont. 291, 819 P.2d 1275, for the proposition that the Court abused its discretion by not considering the 70 percent higher cost of living in Alaska when calculating child support under the Guidelines. However, in *Fronk* the American Chamber of Commerce Researchers Association Cost of

6

Living Index was introduced into evidence and the Court relied on it when it arrived at a cost of living adjustment for Alaska equal to 26 percent. Also, in *Fronk* the respondent gave several examples of how he was personally affected by the high cost of living in Alaska. *Fronk*, 819 P.2d at 1278-79. Here, Steve introduced no statistical data to support his claim that the cost of living adjustment in Alaska is 70 percent higher than in Montana. Nor did he cite specific examples of increased costs, other than transportation. The District Court was free to disregard his unsubstantiated estimate.

Steve also contends that the child support award does not reserve the financial resources sufficient to meet his needs pursuant to § 40-4-204(2)(e), MCA. For support, he cites *In re Marriage of Johnson* (1987), 225 Mont. 404, 732 P.2d 1345. However, in *Johnson* we held that the court's inclusion of two-thirds of the mortgage payments in the computation of the children's monthly expenses, in addition to requiring the husband to pay the mortgage, left him without sufficient resources to meet his own needs. We do not find appellant's situation comparable.

After reviewing the entire record, we find that the District Court's calculation under the Guidelines of $482.27 per month child support based on the parties' 1990 tax return is reasonable and supported by substantial credible evidence. We hold that the District Court did not abuse its discretion in calculating child support based on the 1990 returns.

7

## III.

Did the District Court err when it awarded child support retroactive to the date of separation?

In determining child support retroactivity, we will not disturb the award made by the District Court unless a clear abuse of discretion resulting in substantial prejudice is shown. *In re Marriage of DiPasquale* (1986), 220 Mont. 497, 499, 716 P.2d 223, 224.

Steve contends that the award of retroactive child support is prejudicial because the Court did not consider: (1) the high cost of living in Alaska; (2) his inability to meet his financial needs; (3) the disparity in the property settlement; and (4) that he must also pay health insurance, visitation costs, and child support.

After reviewing the entire record, we find that substantial evidence supports the District Court's award of retroactive child support.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

8

August 20, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Donna M. Trotter
WINKJER, McKENNETT STENEHJEM, TROTTER & REIERSON, P.C.
P.O. Box 1366
Williston, ND  58801

MARY L. ZEMYAN
Attorney at Law
P.O. Box 1094
Wolf Point, MT 59201


<div style="margin-left:50%">

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy

</div>