No.   94-130

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF
KATHLEEN JEANE BELET,

    Petitioner/Cross-Appellant,

and

DAVID BELET,

       Respondent/Appellant.

**FILED**

MAY   4 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John Henson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Richard A. Reep, Reep, Spoon & Gordon, Missoula,
Montana

    For Respondent:

        John C. Schulte, Missoula, Montana

Submitted on Briefs:   February 9, 1995

Decided:   May 4, 1995

Filed:

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from the findings of fact and conclusions of law of the Special Master approved by the Fourth Judicial District Court, Missoula County, in the marriage dissolution of Kathleen and David Belet. We affirm in part, reverse in part and remand for issuance of an order pertaining to the uncovered medical expenses of the children.

Some of appellant's and all of cross-appellant's proposed issues are based upon factual determinations made by the Special Master and the District Court. Unfortunately, neither party ordered a transcript of either proceeding and this Court cannot review any findings of fact to see if they are erroneous. Therefore, we only address the following legal issues:

I.   Did the District Court err in dividing the uninsured and uncovered medical expenses equally rather than on the ratio of the parties' income pursuant to Rule 46.30.1525 and Rule 46.30.1532?

II.  Did the District Court abuse its discretion in not awarding retroactive child support from the date of separation of the parties?

**III.** Did the District Court abuse its discretion in failing to order Kathleen pay $300.00 per month in support and $50.00 in medical expenses during the period of separation as agreed by Kathleen in writing at the time of separation?

IV.  Did the District Court err pursuant to § 40-4-201, MCA, in failing to make a finding of conscionability or unconscionability of the parties' Separation Agreement filed with the court?

2

V. Did the District Court err in allowing Kathleen to amend the Petition for Dissolution to provide for distribution of property?

VI. Did the District Court abuse its discretion in failing to award David attorney's fees?

The parties to this acrimonious dissolution were married on July 26, 1980 and separated on June 23, 1991. The couple have two sons, ages five and nine, who reside in the family home with the father. However, the parents share custody of the children with scheduled visits made to coincide with the mother's work schedule. The parties executed an Agreement of Separation which contained provisions for support, custody and visitation.

On August 27, 1991, Kathleen Belet (Kathleen) filed a Petition for Dissolution of Marriage. In this initial petition, Kathleen alleged that all property had been equitably distributed. Kathleen's husband, David Belet (David), agreed with the distribution.

On September 19, 1991, the District Court assigned the case to a special master, both parties stipulating to the assignment. For the next year, the parties attempted negotiation concerning the couple's two children. In September of 1992, Kathleen reported at a settlement conference that she wished to reopen the issue of property distribution. The District Court granted the amendment.

An Amended Petition for Dissolution of Marriage was filed in October of 1992. A hearing was set by the Special Master for June 24, 1993. Another supplemental hearing was held on July 23, 1993. The Special Master entered her Findings of Fact and Conclusions of

3

Law on July 23, 1993. David objected to these findings formally and Kathleen replied.

The District Court then set a hearing for oral argument September 28, 1993, which was then continued until October 19, 1993. Following argument, the court slightly modified the Findings of the Special Master and issued an Order and Opinion on December 9, 1993. A final decree of dissolution was entered by the court on December 27, 1993.

The transcripts of the Special Master's hearing and the oral argument to the District Court remain untranscribed. Because of our inability to review the transcripts, this Court will consider as conclusive the Findings of Fact of the District Court.

I.

Did the District Court err in dividing the uninsured and uncovered medical expenses equally rather than on the ratio of the parties' income pursuant to Rule 46.30.1525 and Rule 46.30.1532?

David argues that the District Court and the Special Master did not pro-rate the children's uncovered medical expenses. Kathleen contends that the administrative rule governing the division of these expenses is only a suggestion and not mandatory.

Pursuant to the Child Support Guidelines, the District Court determined that the available resources of the parents stand at 59% for Kathleen and 41% for David. Despite this finding made in a worksheet attached to the court's Opinion, the court determined that the couple should share the uncovered medical expenses equally.

District courts are required to follow the Child Support Guidelines or declare why they have deviated. Section 40-4-204, MCA. The District Court did not explain why it accepted the Guidelines as controlling yet deviated from them when assessing the uncovered medical costs of the children. The Guidelines show that Kathleen produced 59% of the available family resources and David 41%

Administrative Rule 46.30.1525 states that:

SUPPLEMENTS FOR PRIMARY CHILD SUPPORT NEED
(1) The basic primary child support obligation may be supplemented upon the following conditions:
(a) "Child care costs" means when a child support obligation is to be calculated based in part on the earnings of a custodial parent and that parent must incur child care expenses for that child as a prerequisite to employment, it is recommended that the reasonable costs of child care should be pro-rated between the parents and added to supplement the basic child support obligation;
. . . .
(b) if "extraordinary medical expenses" are incurred on behalf of a child which are likely to reoccur on a periodic basis, those expenses should be **pro-rated** between the parents and added to supplement the basic child support obligation. (Emphasis added.)

A.R.M. Rule 46.30.1532 likewise requires the uninsured medical needs of the children to be apportioned by the court on the same basis that it apportions the primary support

The Child Support Guidelines were followed by the court and the Special Master when determining the appropriate monthly child support; however, both deviated from the administrative rules that were devised to help courts administer the guidelines when attempting to divide supplemental needs of the children. Neither authority has provided an explanation for the deviation.

It is clear that the administrative rules recommend that extra

5

expenses should be pro-rated. Unless the court has a reason for deviation, the administrative rules governing the guidelines should be used.

We hold that the District Court erred in not pro-rating the uncovered medical expenses of the children on the basis of David, 41%, and Kathleen, 59%. We reverse the District Court's conclusion of law #14 because it is based upon an erroneous legal interpretation and we remand this action to the District Court for issuance of an order that the uncovered medical, ocular, and dental care expenses of the children be pro-rated to the parents at 59% for Kathleen and 41% for David.

## II.

Did the District Court abuse its discretion in not awarding retroactive child support from the date of separation of the parties?

David argues that he has been the sole support of the children for two and one half years and that he is entitled to retroactive child support from the present back to the time of separation. Kathleen argues that she provided monies for the childrens' care during the dissolution period.

The District Court has discretion in determining whether retroactive child support should be awarded; and we will not disturb that decision unless a clear abuse of discretion results in substantial prejudice. Marriage of Nash (1992), 254 Mont. 231, 836 P.2d 598. The District Court concluded that no retroactive child support should be awarded. The court also stated that the

Separation Agreement was only a temporary agreement and close reading of that agreement shows this to be true.

While the court has not provided us with a reason for denial of retroactive support, the court has stated unequivocally that the Separation Agreement calling for a $300 per month payment by Kathleen was only temporary and that the parties continue to be hostile to one another despite the negative impact on their children. Kathleen argues that David admitted at trial that retroactive support was not needed. However, as we have already stated, we have no trial testimony to review so we must conclude that the District Court did not abuse its discretion by failing to award retroactive child support.

### III.

Did the District Court abuse its discretion in failing to order Kathleen to pay $300.00 per month in support and $50.00 in medical expenses during the period of separation as agreed by Kathleen in writing at the time of separation?

David argues that the Separation Agreement that both parties signed following their separation is binding on the issue of support and that Kathleen should pay him the agreed upon amount of $300. Kathleen argues that the Agreement was only for a matter of months.

The District court determined that the Agreement was temporary. A review of that Agreement shows that it was meant to be in force from July of 1991 until December of 1991. Thus, David's argument that Kathleen was legally bound to pay $300

support because she agreed to it is not persuasive.  Further, the District Court is not bound by any written agreement of the parties concerning support or custody of the children.   Section 40-4-201(2), MCA.

We hold the District Court did not abuse its discretion in failing to order Kathleen to pay $300.00 per month in support and $50.00 in medical expenses during the period of separation as agreed by Kathleen in writing at the time of separation.

IV

Did the District Court err pursuant to § 40-4-201, MCA, in failing to make a finding of conscionability or unconscionability of the parties' Separation Agreement filed with the court?

David argues that the court cannot change the Separation Agreement unless it makes a finding of unconscionability.  That is not what the statute says:

> [T]he terms of the separation agreement, <u>except those providing for the support, custody, and visitation of children,</u> are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable. (Emphasis added.)

The court is not bound by any provision in an agreement pertaining to support, custody or visitation, no matter whether it makes a finding that the agreement is unconscionable or not.  It is only the remainder of the agreement, minus any concerns for the children, that requires the court to first make a finding of unconscionability before it changes the terms of the agreement.

We hold that the court did not err in failing to make a

8

finding of conscionability or unconscionability pursuant to § 40-4-201, MCA of the parties' Separation Agreement filed with the court.

V.

Did the District Court err in allowing Kathleen to amend the Petition for Dissolution to provide for distribution of property?

The rules of civil procedure require that leave to amend pleadings be freely given when justice requires. Rule 15, M.R.Civ.P., Stanford v. Rosebud County (1992), 254 Mont. 474, 839 P.2d 93. Even though the distribution of property had already been settled, the District Court chose to allow Kathleen to amend the pleadings to ask the court to make a distribution of property. Because we have no transcript of any of the proceedings before the Special Master or the District Court, we cannot say that the District Court erred in allowing Kathleen to amend her petition.

We hold that the District Court did not err in allowing Kathleen to amend her original petition for dissolution and add a request that the court consider the property distribution.

VI.

Did the District Court abuse its discretion in failing to award David attorney's fees?

David argues that he is due attorney's fees because of needless litigation begun by Kathleen. Kathleen does not agree.

In a dissolution proceeding, the District Court is given the discretion to award costs and attorney's fees if it believes that the financial situation of the parties warrants it. Section 40-4-110, MCA. We will not disturb that decision absent an abuse of

9

discretion.  In re Marriage of Sullivan (1993), 258 Mont. 531, 853 P.2d 1194.

The District Court did not award attorney's fees to either party.  In the absence of a complete record, we hold that the District Court did not abuse its discretion in failing to award attorney's fees to either party.

Affirmed in part and reversed and remanded in part for the issuance of a court order requiring Kathleen to pay 59% and David 41% of the children's uncovered medical, ocular, and dental costs.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

May 4, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Richard A. Reep
REEP, SPOON & GORDON, P.C.
P.O. Box 9019
Missoula, MT 59807

JOHN C. SCHULTE
Attorney at Law
111 North Higgins, Suite 502
Missoula, MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *N. Gallagher*
Deputy