FILED

August 11 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0021

DA 15-0021

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 235N

IN RE THE MARRIAGE OF:

LAURA R. TROUTMAN,

        Petitioner, Appellant, Cross-Appellee,

    v.

GARY R. TROUTMAN,

        Respondent, Appellee, Cross-Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR-11-301(D)
Honorable David M. Ortley, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Peter F. Carroll, Attorney at Law, Kalispell, Montana

        For Appellee:

        Evan F. Danno, Esq., Danno Law Firm, P.C., Kalispell, Montana

Submitted on Briefs:  July 22, 2015
Decided:  August 11, 2015

Filed:

                             Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Laura R. Troutman (Laura) petitioned for dissolution of her marriage to Gary R. Troutman (Gary) in the Eleventh Judicial District Court, Flathead County. The District Court issued its Findings of Fact, Conclusions of Law and Decree of Dissolution dissolving the couple's marriage and distributing the couple's property. Laura appeals and Gary cross-appeals. We affirm in part, reverse in part, and remand.

¶3 On May 6, 2011, after thirty years of marriage, Laura petitioned the District Court to dissolve her marriage with Gary. A trial was held on April 18, 2012. The District Court issued its Findings of Fact, Conclusions of Law and Decree of Dissolution on September 23, 2014. The court divided the property of the parties and calculated child support and Gary's child support arrearage.

¶4 On October 20, 2014, Laura filed a Rule 59 motion which was deemed denied after 60 days pursuant to rule. Although the District Court undertook to amend the decree per the request of the parties on January 26, 2015, Laura had already filed a Notice of Appeal on January 12, 2015. Thus, the court's amended order had no effect.

¶5 Laura argues that there is not substantial evidence in the record to support the District Court's findings that she quit assisting in the operation of the couple's Marion Ambulance Service without notifying Gary for a period of several months and that Gary did not know

2

how to code ambulance services for the operation's billing system. In support, Laura points to cursory statements made by the parties during the April 18, 2012 trial, none of which suggest that the District Court's findings were clearly erroneous. *See In re Marriage of Hedges*, 2002 MT 204, ¶ 22, 311 Mont. 230, 53 P.3d 1273 ("We have repeatedly held that the trial court sits in the best position to judge the credibility of the testimony proffered by parties and witnesses and that we will defer to its resolution of any conflicting evidence."). We find that there is substantial evidence to support the District Court's findings and those findings are not otherwise clearly erroneous. *See Lewton v. Lewton*, 2012 MT 114, ¶ 13, 365 Mont. 152, 281 P.3d 181 (we review a district court's division of property "to determine whether the court's findings of fact are clearly erroneous and the conclusions of law are correct") (internal citation omitted).

¶6      We likewise reject Laura's unsupported argument that the District Court erred in determining that her Roth IRA was a marital asset. *See In re Marriage of McMahon*, 2002 MT 198, ¶ 6, 311 Mont. 175, 53 P.3d 1266 ("This Court has repeatedly held that we will not consider unsupported issues or arguments.").

¶7      Laura further claims that the District Court committed reversible error by failing to take into account Gary's dissipation of the assets of the ambulance service when distributing the couple's marital estate. Laura fails, however, to demonstrate that the court abused its discretion in distributing the couple's marital assets. *See In re Marriage of Thorner*, 2008 MT 270, ¶ 42, 345 Mont. 194, 190 P.3d 1063 ("district court has wide discretion in ordering the equitable distribution of the marital estate and we generally defer to the court's assessment").

¶8     Gary's cross-appeal primarily concerns clerical errors and corresponding mathematical calculations in the District Court's order. The parties do not dispute that the court's order incorrectly states that Gary's child support obligation is $171.00 per month. On remand, we direct the District Court to correct the record to reflect that Gary owes $117.00 per month in child support payments. Consequently, Gary's child support arrearages must be recalculated using the $117.00 per month figure as the correct payment amount.

¶9     Gary submits that the District Court erred in calculating the award for retroactive child support covering approximately forty (40) months—from the date Laura filed the petition (May 2011) until the issuance of the court's order (September 2014). He argues that because the parties lived under the same roof from time to time after Laura filed the petition, they were not separated as of May 2011. We conclude that the District Court did not abuse its discretion when it determined that Gary owed child support from the commencement of this action as Gary has failed to show that he was substantially prejudiced. *See In re Marriage of Nash*, 254 Mont. 231, 236, 836 P.2d 598, 602 (1992) ("In determining child support retroactivity, we will not disturb the award made by the District Court unless a clear abuse of discretion resulting in substantial prejudice is shown."). Accordingly, we direct the District Court to correct the record to reflect that Gary owes $4,680.00 in child support arrearages ($117.00 per month for forty (40) months).

¶10    Gary challenges the court's determination that his equity interest in the couple's home totaled $42,000.00. The District Court found that at the time of trial, the couple had a total $84,867.00 worth of equity in their property at 660 Gopher Lane, Marion, Montana

4

($148,000.00 in market value minus $63,133.00 as the remaining mortgage balance). We direct the District Court to correct the amount reflecting Gary's one-half interest in the equity of the couple's home to be half of $84,867.00 ($42,433.50).

¶11 Gary also argues that the District Court incorrectly calculated Laura's equalization payment to Gary. In light of the aforementioned child support and home equity recalculations, we direct the District Court on remand to recalculate the equalization payment within 45 days of the date of this Opinion. We impose this deadline so as to bring these long-delayed proceedings to a swift conclusion. A delay of 29 months between the trial of this fairly uncomplicated dissolution matter and the entry of the District Court's Findings of Fact, Conclusions of Law and Decree of Dissolution is indefensible.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. We affirm the District Court's findings of fact and conclusions of law, subject to the following directions. We remand to the District Court for correction of Gary's child support payment, his child support arrearage, and his one-half interest in the couple's home, as herein provided. We further direct the District Court to recalculate the equalization payment to the extent necessary given these modifications.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE

5