No. 14791

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

JAMES F. PHENNICIE,

Plaintiff and Appellant,

-vs-

WINIFRED M. PHENNICIE,

Defendant and Respondent.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable H. William Coder, Judge presiding.

Counsel of Record:

For Appellant:

Church, Harris, Johnson & Williams, Great Falls, Montana
Donald LaBar argued, Great Falls, Montana

For Respondent:

Conner, Baiz & Olson, Great Falls, Montana
Thomas Boland argued, Great Falls, Montana

---

Submitted: November 6, 1979

Decided: DEC 31 1979

Filed: DEC 31 1979

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff James F. Phennicie brought this action in the District Court of Cascade County four years after his divorce from the defendant Winifred M. Phennicie to enforce the divorce decree and property settlement agreement. The wife petitioned for an order to show cause why she should not be entitled to a modification of the divorce decree and the property settlement agreement. The District Court issued the order to show cause and a hearing was held. The District Court granted judgment in favor of the wife. From this judgment, the husband appeals.

The parties to this action were divorced on October 17, 1974. The decree of divorce incorporated a property settlement agreement made between the parties. This agreement specifically provided that it was not to be merged with the decree, but was to be forever binding on the parties. The trial court judge incorporated the agreement into the decree but reserved for the trial court the authority to alter or amend those provisions of that agreement respecting custody and support of the children.

For purposes of this appeal the pertinent provisions of that agreement are as follows:

(a) The wife was to have custody of the three minor children of the marriage.

(b) The husband was to deposit to a bank account the proceeds of his military retirement check, which at the time of the divorce was about $850 per month. This money was to be used for child support, medical expenses of the children, and certain expenses relating to the home owned by the parties.

(c) The wife was to account to the husband for expenditure of all sums paid from the account and return all remaining funds to the husband once a year.

(d) The wife, as the custodial parent, was to be granted

exclusive use of the family home until six months after the minor child, James F. Phennicie, Jr. graduated from high school. At that time the house was to be sold and each party was to receive one-half of the equity.

James F. Phennicie, Jr. completed high school in June, 1978. The house was not sold within six months of that date and has not been sold as of the time of hearing. The accounting made to the husband by the wife consisted of tax statements, house payment statements, and the amount paid for certain insurance premiums. The husband testified that there should have been $14,969 remaining in the account after payment of the authorized expenditures. The wife testified that she spent all of the money from the account every year for the care and support of the children and the home.

On November 13, 1978, the husband filed a motion for an order to show cause in District Court to enforce the divorce decree and for breach of the property settlement agreement. The husband asked for the appointment of a receiver who would be authorized to sell the residence pursuant to the property settlement agreement. The husband also asked for an amount of money alleged to be owed him under the property settlement agreement.

On December 18, 1978, the wife petitioned for an order to show cause why she should not be granted the full amount of the husband's military retirement check, together with the exclusive use and occupancy of the parties' residence until their minor daughter reached the age of majority, and for her attorney fees in connection with the action.

The motions for orders to show cause were granted, and both were heard on January 3, 1979. On February 9, 1979, the District Court entered its findings of fact, conclusions of law and decree. The District Court granted judgment in favor of the wife and modified the divorce decree and property settlement

- 3 -

agreement accordingly. The husband appeals from this judgment.

The husband has raised three issues on appeal:

1. Whether he has been denied due process?

2. Whether there was substantial credible evidence to support the judgment of the District Court?

3. Whether the District Court reserved to itself the authority and the power to alter the original property settlement agreement between the parties?

The wife has raised one issue on appeal:

1. Whether an action for the appointment of a receiver is appropriate when other remedies are available to the husband?

Wife's petition for an order to show cause, a subpoena duces tecum and an affidavit, all dated December 18, 1978, were served on the husband on December 30. His attorney was not provided a copy of this document until January 3, 1979, the day of the hearing. The husband contends that the lack of service upon the attorney denied the husband adequate notice and constitutes a denial of due process.

Rule 5(b), M.R.Civ.P. provides in part that "Whenever . . . service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney . . ." The documents should have been served upon husband's attorney pursuant to Rule 5(b). Whether this is reversible error requires an examination of the facts and the Montana Rules of Civil Procedure.

On November 13, 1978, the husband who is the plaintiff in this action, filed a motion for an order to show cause. The District Court issued an order to the wife which ordered her to show cause why the family home should not be sold and an accounting made of the funds which the wife disposed of under the property settlement agreement. It was after being served with this document that the wife petitioned for a modification of the divorce

- 4 -

decree and property settlement agreement. As both of these motions were set for January 3, 1979, it is difficult to understand the husband's argument that he was not given notice. While it is true that the two motions did not pertain to identical issues, it is equally true that both motions did pertain to the same divorce decree and property settlement agreement. Husband's contention that he did not have adequate time to prepare financial statements in order to meet the wife's show cause hearing is tenuous. He was served four days before the hearing. He could have notified his attorney at once and asked for a continuance. The record does not disclose that any attempt was made to continue the action.

During the hearing the husband was allowed to testify fully as to his financial affairs. On appeal the husband has not directed this Court to any additional evidence which was not produced before the trial court and which is of a material nature. Without some evidence of this kind it is difficult to understand how the husband was prejudiced by the lack of service on his attorney.

Rule 61, M.R.Civ.P. says, in part:

"No error . . . or defect . . . in anything done or omitted . . . by any of the parties is ground for . . . disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice . . ."

Given the facts of this case the failure to make service upon husband's attorney is not inconsistent with substantial justice. We hold that the District Court judgment may not be reversed for this reason.

The husband next alleges that several of the findings of fact were not supported by substantial credible evidence. Several of these allegations are without merit and need not be discussed.

The general rule as to the approach this Court will take in these matters was stated in Cameron v. Cameron (1978), ____

Mont. \_\_\_\_, 587 P.2d 939, 945, 35 St.Rep. 1723 at 1729:

> "We will not substitute our judgment for that of
> the trier of fact, but rather will only consider
> whether substantial credible evidence supports the
> findings and conclusions. Those findings will not
> be overturned by this Court unless there is a
> clear preponderance of evidence against them. We
> will view the evidence in a light most favorable
> to the prevailing party, recognizing that substan-
> tial evidence may be weak or conflicting with other
> evidence, yet still support the findings."

The property settlement agreement provided that the wife
was to provide an accounting to the husband for expenditures of
all sums paid from the account. The trial judge found that the
wife had made an accounting. The wife testified that she made
what she thought was a sufficient accounting. She also testified
that she was never asked by the husband to provide a fuller ac-
counting. The husband testified that the accounting that he re-
ceived was not sufficient and that he had informed the wife of
this.

Applying the Cameron test, we affirm the finding. There
is not a clear preponderance of evidence against this finding.
It is true that the evidence is conflicting, however, taken in
the light most favorable to the wife the evidence is sufficient
to support the finding.

The trial judge made several findings which are pertin-
ent to section 40-4-204, MCA (which deals with the granting of
child support). As this was a hearing, in part, to modify such
an order, the husband claims that it is error to make such find-
ings. At worst these findings are irrelevant. They do not con-
stitute error.

Under section 40-4-208(2)(b), MCA, a child support pro-
vision may be modified only when there is "a showing of changed
circumstances so substantial and continuing as to make the terms
unconscionable . . ." The trial judge made such a finding in
this case. The fact that this finding was partially based on

- 6 -

factors enumerated in a different statute does not constitute error so long as he made the requisite finding of changed circumstances so substantial and continuing as to make the terms unconscionable.

In another finding of fact the trial judge found that there had been a substantial improvement in the husband's financial condition and prospects. This finding is supported by testimony concerning the amount of money that the husband had in savings and checking accounts. The husband testified that he was expecting future losses in his new real estate business and that he needed his equity from the home in order to meet his anticipated expenses. There is substantial credible evidence to support the finding that the husband's financial condition had substantially improved. This in turn supports the finding that there had been a substantial change in financial conditions and that it would be unconscionable not to modify certain child support provisions.

The trial judge found that the wife required the use of the family home in order to raise the youngest of the minor children. The wife testified that she could not afford to sell the home and move into another home which would be adequate for the raising of the minor child. The husband presented evidence which was to the contrary. Once again we must apply the test set out in Cameron, supra. Even though the evidence is conflicting, we must affirm the finding of the trial judge based on substantial credible evidence. We may not substitute our judgment for that of the trial judge.

The trial judge awarded $500 to the wife for attorney fees. The wife testified that she could not pay for these fees out of her own funds. However, we can find no evidence which supports the $500 award. In Houtchens v. Houtchens (1979), ____Mont.____,

592 P.2d 158, 36 St.Rep. 501, this Court considered a similar set of facts.  This Court said:

> "We find the court was adequately apprised of the relative financial means of the parties, and sufficient evidence supported the court's finding of wife's necessity for the award of reasonable attorney fees.  However, we do not find the method used to substantiate the amount of the attorney fees sufficient to uphold the award.  'An award of fees, like any other award, must be based on competent evidence.'  First Security Bk. of Bozeman v. Tholkes (1976), 169 Mont. 422, 429, 547 P.2d 1328, 1331 (quoting Crncevich v. Georgetown Recreation Corp. (1975), 168 Mont. 113, 120, 541 P.2d 56, 59).  The only evidence supporting the $1,000 fee was the wife's acknowledgement in testimony that a $1,000 fee was reasonable under the circumstances.  This evidence standing alone, is insufficient to verify the reasonableness of the attorney fees awarded.  The cause is therefore remanded for determination of reasonable attorney fees consistent with the authority cited."  492 P.2d at 162, 36 St.Rep. at 505.

Because there is insufficient evidence in the instant case which would substantiate the $500 amount, the award may not be upheld.

The husband contends that the District Court had no power or authority to alter the property settlement agreement.  Section 40-4-201, MCA, allows separation agreements to be incorporated into a decree of dissolution.  This statute provides that such agreements may expressly preclude or limit modification of terms except for terms concerning support, custody, or visitation of children.

The property settlement agreement in the instant case provides that the agreement was to be incorporated into the final decree, but "that this agreement shall not be merged with said decree of divorce but shall survive and be forever binding on the parties."  In the divorce decree the District Judge incorporated the property settlement agreement except that the "provisions respecting custody and support of the children being subject to further order."

The property settlement agreement contains several sections. Section 2 is denominated Child Support and Alimony. Section 3 is denominated Real Property. In Section 2 the wife waived alimony in exchange for the bank account which was to be funded by the husband's military retirement check. According to this section the money in the account is to be used, in part, for child support, certain medical expenses incurred on behalf of the children, and expenses pertaining to the family home including the house payments, taxes, insurance, home repair, electricity, gas, telephone, and water. Section 3 provides, in essence, that the family home was to be sold not later than six months after the minor son graduated from high school.

The husband contends that the terms concerning the sale of the family home constitute a property issue and that these terms may not be modified. The wife contends that these terms constitute a child support issue, and, as a result they may be modified. We note that a large portion of the child support section of the agreement deals with the paying for and maintenance of the family home.

Why the home was to be sold after the second child graduated from high school, rather than after the youngest graduated, is not clear. What is clear is that the home was an integral part of the child support provisions so long as the second child was still a high school student. The husband has not supplied us with any reason why the availability of the home to the wife and third child should become any less important as a term of child support once the second child has graduated from high school. Consequently, we find that the terms concerning the home, in this case, were part of the child support provisions and as such may be modified by further order. There was no error in allowing the wife and minor child to remain in the home until the youngest minor child graduates from high school.

Having decided the case in this manner it is unnecessary to consider whether the husband's petition to appoint a receiver was proper.

The District Court is affirmed except as to the amount of attorney fees. Following Houtchens, supra, the cause is remanded to the District Court for a hearing to determine a reasonable amount to be awarded the wife for her attorney fees.

_Frank J. Haswell_
Chief Justice


We concur:

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sheehy_
Justices

- 10 -