No. 85-255

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN RE THE MARRIAGE OF
CAROLE D. (CLARK) CONKLIN,

Petitioner and Appellant,

and

MARK A. CLARK,

Respondent and Respondent.

_____

APPEAL FROM:   The District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hilley & Loring; Emilie Loring, Great Falls, Montana

    For Respondent:

        Swanberg, Koby, Swanberg & Matteucci; Daniel L.
        Falcon, Great Falls, Montana

_____

Submitted on Briefs: Jan. 30, 1986

Decided:  April 15, 1986

Filed:    APR 15 1986

_____
Ethel M. Harrison
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Carole D. (Clark) Conklin appeals from an order of the Cascade County District Court modifying child support, ordering the parties to share the children's visitation travel expenses, and relieving respondent of the obligation of making car payments.

We reverse.

The issues raised by appellant Carole are:

1. Whether the District Court erred in modifying child support?

2. Whether the District Court erred in amending the payment of visitation travel expenses of the children?

3. Whether the District Court erred in releasing respondent from his obligation to pay the remaining car payments?

The parties were married on December 23, 1967. Two sons were adopted when they were infants. The parties separated in June, 1982, and Carole filed for dissolution of the marriage. The parties entered into a child custody and property settlement agreement on July 8, 1982. The decree of dissolution was entered on August 5, 1982, and incorporated the agreement.

At the time of the dissolution, respondent Mark was employed as general counsel for IFG Leasing in Great Falls; Carole was a full time homemaker. Mark's salary was $60,000 per year with potential bonuses of $15,000 to $40,000 per year. The agreement provided that Carole was to have custody of the children, Mark was to pay child support of $500.00 per month per child, and payments of $353.00 per month on the

Jeep which was awarded to Carole. Following the dissolution, Carole moved to Butte, and Mark was transferred to Minneapolis, Minnesota.

On September 30, 1983, Mark petitioned for modification. On March 20, 1985, the District Court reduced Mark's child support obligation to $250.00 per month per child, ordered the parties to share the children's visitation travel expenses equally, and relieved Mark of the remainder of the Jeep payments.

We will first address the modification of child support. The District Court can modify a child support obligation only upon a showing of changed circumstances so substantial and continuing as to make the terms of the original decree unconscionable. Section 40-4-208(2)(b). This Court will reverse the District Court only if the District Court's findings are clearly erroneous in light of the evidence in the record. In re the Marriage of Carlson and Carlson (Mont. 1984), 693 P.2d 496, 41 St.Rep. 2419. The appellant must show that there was a clear abuse of discretion or an error in the District Court's findings. Reynolds v. Reynolds (Mont. 1983), 660 P.2d 90, 40 St.Rep. 321.

In this case, we find such an abuse of discretion. We have held that "the conditions and circumstances of the parties must be examined and determined at the time of the modification hearing, and may not be based upon mere speculative future conditions or possible conditions." Gall v. Gall (1980), 187 Mont. 17, 20, 608 P.2d 496, 498. A careful reading of the findings of fact and conclusions of law indicates that the District Court did rely on speculative conditions. Finding of fact number 9 states:

Mr. Clark is now involved in a potential lawsuit in regard to the sale of the Great Falls home. Mr. Clark has presented evidence indicating that the second mortgagee on the property intends to file suit in the immediate future if Mr. Clark does not make satisfactory arrangements to cover the second mortgage on the property. Mr. Clark did not anticipate this debt at the time of the Decree of Dissolution. The amount on the debt is $18,346.07. (Emphasis added.)

In its findings of fact number 11, the District Court states that Mr. Clark has purchased a condominium in Minneapolis and "that the complex was purchased without knowledge of a pending lawsuit in regard to the construction of the complex. Mr. Clark is now engaged in a lawsuit to recover his investment. It is not anticipated that in the near future Mr. Clark will retrieve any of the down payment that his [second] wife made on the complex." (Emphasis added.)

The court relies on speculative conditions in its conclusions of law as well. Conclusion of law number 6 states that "Mr. Clark has been served notice of a potential suit for the sale of the family home in Great Falls, Montana, on a debt in the amount of $18,346.07. This debt was not anticipated at the time of the dissolution of the marriage." Conclusion of law number 10 states that "[t]he reduction in income plus the presence of anticipated debt results in making the original terms of the Decree unconscionable."

The District Court abused its discretion by not limiting its consideration to circumstances in existence at the time of the hearing. At the time of the hearing Mark was not involved in a lawsuit over the Great Falls home, and it was mere speculation that Mark would not retrieve any of the down payment made on the condominium.

Further, there is no substantial credible evidence on the record to justify the District Court's conclusion that

- 4 -

Mark's change in condition is permanent. We have addressed this question before. In Carlson, 693 P.2d at 499, we stated:

> The record substantiates that the father is currently unemployed but there is no evidence supporting a conclusion that this substantial change in the father's circumstances is continuing. In Hughes v. Hughes (Mont. 1983), 666 P.2d 739, 741, 40 St.Rep. 1102, 1105, the District Court findings were held to be clearly erroneous because no evidence was presented to prove that the husband's change in circumstances was continuous. The District Court correctly identified the question involved: "Can he go to work?" The father's evidence failed to show that his unemployment was permanent or that earning capacity had been substantially reduced.

In the instant case, the record indicates that Mark's salary went from $75,000 the year of the dissolution to $60,000 the year of the hearing. His employer could no longer guarantee a salary greater than $45,000 after July 1, 1985. However, there was no evidence to indicate that his salary would not go up again in the future, that he would not earn bonuses in the future, or more importantly, that his earning capacity had been substantially reduced. To uphold the District Court's order, the record must show a change of circumstances so substantial and continuing as to make the original decree unconscionable. The record does not support the District Court's conclusion that the change is continuing.

Therefore, we must reverse the District Court on the issue of modification of child support.

We also must reverse on the issue of payment of travel expenses. The District Court based its order on the findings of fact and conclusions of law which we have already determined are erroneous.

Finally, we address the order of the District Court relieving Mark of the responsibility of paying the remainder of the Jeep payments. Mark argues that because the Jeep was used "95% for the children," it is an aspect of child support and subject to modification by the District Court.

Mark relies on Phennicie v. Phennicie (1979), 185 Mont. 120, 604 P.2d 787 to support his argument. In that case, the custody and settlement agreement provided that the family home was to be sold within 6 months after the second child graduated from high school. The District Court modified the agreement and ordered that the home not be sold until the youngest child graduated from high school. We affirmed the District Court stating:

> We note that a large portion of the child support section of the agreement deals with the paying for and maintenance of the family home.
>
> Why the home was to be sold after the second child graduated from high school, rather than after the youngest graduated, is not clear. What is clear is that the home was an integral part of the child support provisions so long as the second child was still a high school student . . . Consequently, we find that the terms concerning the home, in this case, were part of the child support provisions and as such may be modified by further order.

Phennicie, 185 Mont. at 128, 129.

Mark's reliance on Phennicie is misplaced. In this case, the Jeep was clearly denominated personal property in the agreement. The Jeep payments were in no way tied to the support provisions, the vehicle was a marital asset purchased during the marriage and awarded to Carole in the agreement. It is incorrect to argue that because the Jeep is used primarily for the children it is somehow transformed from personal property to child support. The Jeep payments are part of the property settlement agreement, and as such are governed by different rules than modification of support.

- 6 -

Section 40-4-208(3) states:

(3) The provisions as to property disposition may not be revoked or modified by a court, except:

(a) upon written consent of the parties; or

(b) if the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state.

The conditions justifying reopening of a judgment are found at Rule 60(b), M.R.Civ.P. The grounds are mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, intrinsic and extrinsic fraud, misrepresentation, misconduct, and any other reason justifying relief from the operation of the judgment.

The District Court made no findings or conclusions regarding any of these grounds in its order. Therefore, we reverse the order of the District Court relieving Mark of the remainder of the Jeep payments.

The District Court abused its discretion by relying on speculative future conditions and possible conditions. Further, the record does not support the conclusion that Mark's change in circumstances is substantial and permanent. Finally, the District Court erroneously modified the property settlement agreement without any showing of the necessary grounds for such modification. For these reasons, the order of the District Court must be reversed.

_____
Justice

We Concur:

_____
Chief Justice

- 7 -

_John Conway Harrison_

_John C. Sheehy_

Justices