No. 93-393

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

LAUREL S. PLATT,

       Petitioner and Respondent,

   -v-

GEORGE E. PLATT,

       Respondent and Appellant.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Ann C. German, Libby, Montana

       For Respondent:

       Charles A. Graveley, Townsend, Montana

Submitted on Briefs: April 21, 1994

Decided: September 21, 1994

FILED

Filed:  SEP 2 1 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from an order of the Eleventh Judicial District Court, Flathead County, granting respondent Laurel Platt a modification of child support. We affirm.

The sole issue on appeal is:

Did the District Court abuse its discretion when it modified child support by increasing it from $375 per month to $616.62 per month?

Laurel Platt (Laurel), and George Platt (George) were married on July 1, 1972. Two children were born of the marriage before the couple divorced in 1979. Laurel was granted custody of the children. George was ordered to pay $100 child support per month for each child.

At the time this action began in March of 1992, Laurel resided in Florence, Montana with her son Chris Harold Platt, who was a minor. The other son had attained the age of majority and resided elsewhere. Laurel was employed in a clerical position earning $11,375 per year. Combined with the income from her position she received money from interests and dividends bringing her yearly income to $29,346.21.

George lived in Aliquippa, Pennsylvania at the beginning of this action with his second wife and their minor child. George was employed by the Army earning a salary of $64,980 per year. When adjusting his income for attributable assets according to the Montana Child Support Guidelines (guidelines), his income totalled $67,034.13.

2

Following the original assessment of child support, Laurel petitioned for and was granted an increase in child support in 1989. Following a settlement agreement, George was ordered to pay $350 per month for each child. In March of 1992, Laurel again petitioned the court for an increase in child support for her remaining minor son, Chris Harold Platt, based upon the newly adopted guidelines. Laurel had lost her employment because the company for which she worked closed.

According to the guidelines, both parties had to submit affidavits concerning their respective financial situations. Based on these calculations, Laurel determined that George should pay $683.48 for support for Chris. George, on the other hand, determined that he should pay $446.62 for Chris' support because of various amounts that he felt he was entitled to have subtracted from the amounts set by the guidelines.

On June 11, 1993, the trial court ruled that George should pay the sum of $616.62 per month, retroactive to the filing of the petition for modification of support on March 18, 1992, and continuing until Chris reaches the age of eighteen or further ordered by the court.

George appeals the Order and Rationale issued by the court on June 11, 1993.

Did the District Court abuse its discretion when it modified child support by increasing it from $375 per month to $616.62 per month?

George argues that the court made its determination based upon

3

salary figures from his employment in the Army and that he is now retired, earning significantly reduced monthly retirement benefits. Also, George claims that the court did not take into consideration the fact that even after retirement, he would not receive retirement monies immediately because he owed the government money from a 1975 loan. George also claims that the District Court ignored his variance of $170 from the guideline's totals. George based his variance on a cost of living differential, the cost of traveling for long distance visitation, and for the added costs of supporting an older child.

Laurel argues that the court did not ignore George's variance figure but found that George had not provided adequate evidence of the totals that George claimed. Laurel contends that the District Court made an accurate assessment based upon the evidence that it had been presented.

Our standard of review for a District Court's findings relating to modification of child support is that a presumption exists in favor of the district court decision and we will only overturn the decision if the trial court abused its discretion. Marriage of Sacry (1992), 253 Mont. 378, 833 P.2d 1035.

The District Court granted Laurel an increase in child support for Chris in the amount of $616.62 based upon the financial figures presented in the parties' affidavits. The court would not allow the variance postulated by George because it had not been presented with evidence to clearly establish the need for such variance.

The District Court determined the monthly figure for child

4

support based upon the current amounts before it. The show cause hearing to consider the modification of support was first held in August of 1992 and continued until January 14, 1993, at which time George's monthly salary was almost $5,000 per month. George stated this amount on his affidavit. Although George now objects to the court's use of this amount because of his upcoming retirement, George did not retire until April of 1993, eight months following the initial hearing date. Thus, the District Court properly used the actual figures that it had before it to determine the modification of support payments. Marriage of Sullivan (1993), 258 Mont. 531, 853 P.2d 1194; Marriage of Conklin (1986), 221 Mont. 30, 716 P.2d 629.

Further, George's affidavit states that following his retirement, entry level jobs in his field pay between $2,000 and $3,000 a month. Although George also objects to the court's reliance on this projection of figures, it was George who provided the court with this information in his affidavit.

George's main argument centers around the general statements in his affidavit that the recommended child support determined from his income should be reduced by $170 because of various considerations permitted by ARM 46.30.1543. These considerations included a cost of living differential, costs of supporting older children, and costs of long distance travel visitations. The court noted that the only valid consideration, not emanating from voluntary choices, could have been the long distance travel which George claimed to be $50 per month. However, the court found that

George had not provided it with adequate evidence.

George argues that the court abused its discretion because it did not consider his variance. The court did consider his alleged amount for long distance travel, as it considered the cost of living differential and the added expense for older child, but found insufficient evidence upon which to grant these variances. A careful review of the record in this case is without any support for George's $170 alleged variance.

We have already stated that when a party alleges that a variance in living expenses is due, the party must submit competent evidence to prove that the amount of support should be reduced. Marriage of Mitchell (1987), 229 Mont. 242, 746 P.2d 598. The only evidence in the file consists of George's and Laurel's affidavits. Although several hearings were held in the course of this action, the transcripts are not part of the file. Therefore, there is no concrete evidence other than George's allegations that the money is due him. We conclude that without a proper foundation for the alleged amounts of variance, the court did not abuse its discretion in failing to subtract these amounts from the $616.62 amount.

We hold that the District Court did not abuse its discretion when it modified child support by increasing it from $375 per month to $616.62 per month.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

6

John Conway Harrison

_____

_____
Justices

7

Justice Terry N. Trieweiler dissenting.

I dissent from the majority opinion. I conclude that the District Court abused its discretion by ignoring uncontroverted evidence. I would reverse the District Court's order modifying George Platt's child support obligation.

Chris Platt was born on March 6, 1976, and accordingly, his father will have an obligation to support him until March 6, 1994.

The District Court's order determining the amount of George's future child support obligation was based on an assumption that George's annual earned income would be $64,980 and that he is entitled to no variances pursuant to 46.30.1543, ARM. However, the undisputed evidence indicates otherwise.

George's affidavit, which was uncontroverted, established that his income would terminate on April 1, 1993, and would not resume until November 1 of that year. His affidavit indicted that he would receive $1500 for retirement pay in November 1993, and $2000 per month thereafter. He also indicated that he had no post-retirement job, but then estimated what he could expect to earn if he was able to obtain a job. However, assuming he would find employment, the evidence was uncontroverted that his annual salary would be from $48,000 to $60,000 per year. Therefore, his child support obligation from April 1, 1993 through March 6, 1994, should not have been based on an estimated annual salary of $64,000 per year.

Furthermore, George submitted undisputed evidence by way of his affidavit that there was a cost of living differential between

8

Pennsylvania and Montana; that he incurred additional costs for long distance visitation; and that he was paying for his child's health care. Without any evidence to the contrary, the District Court arbitrarily ignored this evidence. The District Court concluded that there was no evidence that long distance travel expense was incurred. However, George's affidavit alone is sufficient evidence that it was incurred. There was no evidence to the contrary.

The District Court concluded that although George's living expenses might have been greater than Laurel's living expenses, they were voluntarily incurred because he acquired a new family. The basis for that conclusion is a mystery. The only evidence regarding the disparity in living expenses that I can find in this record is the evidence provided in George's affidavit. George's affidavit does not relate the disparity in his living expenses to the fact that he is remarried and has a family to support. Instead, he offered evidence of per diem rates paid by the United States government which indicate that the cost of living in Pennsylvania is about 33 percent higher than in Montana.

The District Court ignored George's claim for a variance based upon his payment of Chris's medical insurance or expenses because that item was apparently entered on the wrong line of the child support determination work sheet.

For these reasons, I conclude that the District Court abused its discretion in its determination of George's child support obligation. I would reverse the judgment of the District Court and

9

remand for entry of an order modifying George's child support obligation by ordering that he pay $446.62 per month from March 18, 1992, until Chris reaches the age of majority.

_____
Justice

September 21, 1994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Ann C. German
Attorney at Law
P.O. Box 1530
Libby, MT 59923

Charles A. Graveley, Esq.
Attorney at Law
8545 Highway 287
Townsend, MT 59644

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy