NO. 95-271

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

In re the Marriage of
MARY CLAIR WELCH,

      Petitioner and Respondent,

  vs.

JOHN WILLIAM WELCH,

      Respondent and Appellant.

**FILED**

OCT 24 1995

CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the Fourteenth Judicial District,
              In and for the County of Meagher,
              The Honorable Roy C. Rodeghiero, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

        John L. Hollow, Helena, Montana

      For Respondent:

        Richard L. Parish, Helena, Montana


           Submitted on Briefs:  September 21, 1995

                    Decided:  October 24, 1995

Filed:

_____
          Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Petitioner Mary Clair Welch (Mary Clair) moved the First Judicial District Court, Meayher County, to modify the parties' divorce decree to increase the amount of child support Respondent John William Welch (John) is required to pay. After a hearing on her motion, the child support was increased. John appeals.

Affirmed.

## ISSUES

The following issues are raised on appeal:

1. Did the District Court err in declining to make specific findings of fact and conclusions of law?

2. Did the District Court err in failing to use the parties' current gross incomes in determining child support?

3. Did the District Court err in including in the order supplemental support for day care and extraordinary medical expenses?

4. Did the District Court err in refusing to grant John a variance for long-distance visitation or his higher cost-of-living?

5. Did the District Court err in making the increased support retroactive to the date of the hearing?

## FACTS

John and Mary Clair were married in July 1978 and divorced in October 1984. They have two children, a 15-year-old son and a 16-year-old daughter. While their son is healthy, their daughter suffers from a degenerative neuromuscular disease which has confined her to a wheelchair and rendered her wholly unable to care

for herself.  John now lives in the Washington, D.C. area, while Mary Clair and the children continue to reside in Montana.

Pursuant to the settlement agreement entered into by the parties at the time of their divorce, John was required to provide child support in the amount of $125 per month for each child.  The record does not state whether the daughter was ill at the time of the divorce, but does reveal that her condition has been deteriorating for some years now.

In May 1993, John moved the District Court for modification of the divorce decree, requesting extended visitation with his son. (The daughter is unable to travel to John's home for visitation.) This motion was subsequently granted.  In June 1993, Mary Clair also moved the District Court for modification of the divorce decree, asking for, among other things, an increase in child support.  The hearing on her motion was continued twice, once at her request and once at John's, but finally took place on March 1, 1994.

At the hearing, Mary Clair provided the District Court with a child support worksheet her attorney had prepared, and testimony was taken from both parties.  After the hearing, the District Court ordered both parties to submit financial information to the Montana Child Support Enforcement Division so the Division could determine an appropriate amount of child support.  However, the Division apparently declined to make such a determination.  In June 1994, Mary Clair moved the court to render a decision or reset the matter for hearing.  In April 1995 the District Court issued its order,

adopting the figures from Mary Clair's child support worksheet and increasing the child support accordingly. John appeals from that decision.

## STANDARD OF REVIEW

This Court will review a district court's overall decision on modification of child support awards to determine whether the court abused its discretion. In re Marriage of Kovash (1995), 893 P.2d 860, 863, 52 St.Rep. 280, 281. The district court's determination is presumed to be correct and, absent an abuse of discretion, will not be disturbed. In re Marriage of Hunt (1994), 264 Mont. 159, 870 P.2d 720. See also In re Marriage of Platt (1994), 267 Mont. 38, 881 P.2d 634; In re Marriage of Sacry (1992), 253 Mont. 378, 833 P.2d 1035; In re Marriage of Parrish v. Appleton (1988), 234 Mont. 345, 763 P.2d 658.

## Issue 1

Did the District Court err in declining to make specific findings of fact and conclusions of law?

The order of the District Court in this matter was not accompanied by specific findings of fact or conclusions of law. John contends the lack of specific findings and conclusions is reversible error.

Rule 52(a), M.R.Civ.P., states that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in subdivision (c) of this rule." Subsection (c) involves judgments at trial and is inapplicable in this case. This matter was brought before the

4

District Court on motion by Mary Clair. Therefore, under Rule 52(a), specific findings and conclusions are not required.

John correctly notes that this Court encourages a district court to include finding of fact and conclusions of law whenever practicable. This encouragement, however, does not translate into an absolute requirement. This Court has found in the past that specific findings and conclusions are not necessary in certain child support and custody cases. See In re Marriage of Vinecke (1986), 221 Mont. 58, 716 P.2d 638; Baker v. Baker (1982), 198 Mont. 371, 646 P.2d 522.

Because the Rules do not require a judge to enter specific findings of fact and conclusions of law under these circumstances, it was not an abuse of discretion for the District Court to omit them.

## Issue 2

Did the District Court err in failing to use the parties' current gross incomes in determining child support?

John alleges the District Court erred in using income figures from the parties' 1992 tax returns to calculate support. He argues the court should have employed 1993 income figures or, in the alternative, should have allowed John to deduct certain moving expenses and overtime income from the 1992 figures.

The District Court utilized income figures from the last year for which both parties provided documentation in the form of their respective income tax returns. That year was 1992. While John did testify his income for 1993 was lower than that which was reported

on his tax return for 1992, his testimony was not corroborated by his 1993 tax return or any other documentation.

The testimony of any witness is generally sufficient to establish a fact. See § 26-1-301, MCA; Kovash, 893 P.2d at 864. However, when the testimony is potentially self-serving, the court may legitimately expect the witness to offer corroborating evidence if possible. John offered no such evidence. In this case, the latest documented income figures available to the court were for 1992. It is not error for a court to use those figures which are actually before it in order to determine support. Platt, 881 P.2d at 636. Therefore, the court did not abuse its discretion by calculating support from the 1992 income figures.

John also argues the court abused its discretion by refusing to deduct certain moving expenses and overtime pay from his 1992 income before using that amount to figure support.

ARM 46.30.1508 states "'gross income' means income from any source, except as excluded in subsection (d)." (Enabled by § 40-5-209, MCA, emphasis added.) Subsection (d) concerns public assistance programs, and is not applicable in this case. Nevertheless, John argues that "gross income" for purposes of calculating support should not include moving expenses or overtime, even though such amounts were reported to the federal government as gross income on his tax return. John offers no case law supporting his claimed exclusion for moving expenses, nor did he testify at the hearing as to what specific amount he spent on moving. Given the lack of precedent or specific testimony, it was not an abuse of

discretion for the court to refuse to deduct moving expenses from John's gross income before determining support.

As for the issue of overtime, the District Court did not consider it because John never raised it. Overtime was not discussed in the hearing, nor does it appear in any of the court documents. It was not an abuse of discretion for the court to fail to grant relief for which John never asked. Further, this Court will not review an issue which is raised for the first time on appeal. In re Marriage of Erler (1993), 261 Mont. 65, 862 P.2d 12. The use of the parties' 1992 gross income, as shown by their respective tax returns, was not an abuse of discretion.

<u>Issue 3</u>

Did the District Court err in including in the order supplemental support for day care and extraordinary medical expenses?

John alleges that the District Court erred by ordering him to pay additional support for day care and extraordinary medical expenses. John argues that Medicaid pays for all medical expenses and that day care expenses are avoided by having the son care for the daughter.

Mary Clair testified she receives Medicaid money for respite care, but she also testified that such money specifically may not be used to pay for child care during the hours when she is at work. Mary Clair works full time. Her daughter needs constant supervision and care. It was not an abuse of discretion for the

7

court to expect John to assist with the cost of that care, regardless of his son's contributions.

The court also ordered John to contribute each month towards extraordinary medical expenses. Mary Clair testified that their daughter incurs extra expenses, such as the cost of repairing the wheelchair lift which provides the daughter with access to and from the family home. John may reasonably be required to pay a given amount towards such expenses. The court did not abuse its discretion by including in the order supplemental support for day care and extraordinary medical expenses.

## Issue 4

Did the District Court err in refusing to grant John a variance for long-distance visitation or his higher cost of living?

John alleges that he was entitled to a variance in his child support obligation because of the expenses he incurs due to long-distance visitation and the higher cost of living in Washington, D.C.

In discussing child support obligations, a "variance" is a reduction in support granted to one party due to extraordinary expenses. John contends he should have been granted a variance for long-distance visitation, long-term visitation, and the fact that it cost more to live in Washington, D.C. than it does to live in Montana. All of these factors are acceptable reasons for the granting of a variance. Section 40-5-209, MCA.

Support awards determined under the Montana Child Support Guidelines are presumed to be correct, but this presumption may be

8

rebutted by evidence that a child's needs are not being met. In order to rebut the presumption, the party seeking the variance must present competent evidence showing that application of the guidelines would be unjust or inappropriate. Such evidence may include documents such as a financial affidavit and a child support worksheet. Section 40-5-209, MCA.

While it is true in this case that John requested a variance at the hearing, he offered no documentation regarding the cost of living or the costs of travelling for visitation. He did testify that in his opinion it was "at least 200 percent" more expensive to live in Washington, D.C. than it was to live in Montana. This opinion was not substantiated by any concrete evidence.

This Court faced a similar situation in In re Marriage of Nash (1992), 254 Mont. 231, 836 P.2d 598. In that case, the appellant alleged that the district court's failure to grant a variance for the higher cost of living in Alaska was an abuse of discretion. But this Court found:

> [Appellant] introduced no statistical data to support his claim that the cost of living adjustment in Alaska is 70 percent higher than in Montana. Nor did he cite specific examples of increased cost, other than transportation. The District Court was free to disregard his unsubstantiated estimate.

Nash, 836 P.2d at 601. In order to receive a variance, John was required to present competent evidence showing why he was entitled to one. A bare claim of entitlement alone is not enough.

> We have already stated that when a party alleges that a variance in living expenses is due, the party must submit competent evidence to prove that the amount of support should be reduced . . We conclude that without a proper foundation for the alleged amount of variance, the court

9

did not abuse its discretion in failing to subtract these amounts from [the award].

Platt, 881 P.2d at 636-37.     Because John submitted no competent evidence regarding his request for a variance, the District Court's refusal to grant one was not an abuse of discretion.

### Issue 5

Did the District Court err in making the increased support retroactive to the date of the hearing?

In its order of April 1995, the District Court made the increased support retroactive to the date of the hearing, which was held in March 1994.   John alleges the District Court abused its discretion by making the award retroactive.

"Whether child support is awarded retroactively to the date of notice of a motion for modification is clearly within the discretion of the district court."  In re Marriage of Hill (1994), 265 Mont. 52, 57, 874 P.2d 705, 707, citing In re Marriage of Fronk v. Wilson (1991), 250 Mont. 291, 297, 819 P.2d 1275, 1279.  See also Nash, 836 P.2d 598; In re Marriage of Gebhardt (1989), 240 Mont. 165, 783 P.2d 400; and In re Marriage of Saylor (1988), 232 Mont. 294, 756 P.2d 951.

The court found Mary Clair needed additional support to meet the expenses related to the care of her children.  These expenses did not begin after the court entered its order, but were being incurred since the filing of the petition, if not before.  "There is no reason to distinguish between the support necessary after the court's order and the children's needs from the time of [the] petition until the order was entered."  Hill, 874 P.2d at 709.

10

John's arguments that such an award is inappropriate because it places upon him a sudden and significant debt, as well as the potential stigma of a "dead-beat dad," are unpersuasive. For years John has contributed $250 per month towards the care of his children, leaving Mary Clair responsible for all additional costs. If he were not made to contribute the greater support until after the order was entered, it would mean another thirteen months during which Mary Clair must pay most of the costs of child care. His understandable reluctance to be saddled with a significant debt nevertheless does not justify placing this additional burden on Mary Clair. Any stigma which might attach, while unfortunate, is beyond the control of the courts. In any case, the stigma presumably will be removed once the debt is paid.

Since the ability to grant retroactive support is entirely discretionary, the District Court's decision was not an abuse of discretion.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

11

October 24, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

JOHN L. HOLLOW
Attorney at Law
318 East 6th Avenue
Helena. MT 59601

John William Welch
Attorney at Law
5838 Bridgetown Court
Burke, VA 22015

RICHARD L. PARISH
Attorney at Law
800 E. Sixth Ave.
Helena, MT 59601

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy