No.  95-552

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE MARRIAGE OF

TREVOR JAMES DISHON,

     Petitioner and Respondent,

  and

CARRIE LYNN BREITLING, f/k/a
CARRIE LYNN DISHON,

     Respondent and Appellant.

FILED

AUG 27 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Seventh Judicial District,
                In and for the County of Richland,
                The Honorable Richard G. Phillips, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

           Phillip N. Carter, Attorney at Law,
           Sidney, Montana

       For Respondent:

           Peter O. Maltese, Attorney at Law,
           Sidney, Montana


Submitted on Briefs:  July 18, 1996

Decided:  August 27, 1996

Filed:

Clerk

Justice Charles E. Erdmann delivered the opinion of the Court.

Appellant Carrie Dishon appeals from the orders issued by the Seventh Judicial District Court, Richland County, modifying an award of child support and denying her motion for attorney fees. We affirm in part and reverse in part.

The issues on appeal are as follows:

1. Did the District Court abuse its discretion when calculating Trevor Dishon's child support obligation?

2. Did the District Court err in denying Carrie's request for attorney fees?

FACTS

Trevor and Carrie were married on July 12, 1991, in Sidney, Montana. Prior to their marriage, Carrie gave birth to their son Cody on April 24, 1991. On December 1, 1993, Trevor filed a Petition for Dissolution of Marriage, which was granted on November 15, 1994. The divorce decree provided that Trevor would pay $43 per month in child support until he finished school and was employed, at which time the child support award could be reviewed.

In May 1995, Trevor graduated from Montana State University with a degree in construction engineering and accepted employment in Las Vegas. Upon discovering that Trevor was employed in Nevada, Carrie filed a motion to modify child support. Trevor did not file a response to the motion, nor did he personally appear. At the hearing, Trevor's attorney appeared and informed the court that Trevor recognized his obligation for the increased child support

2

but was not present due to the expense of traveling to Sidney and the loss of wages that he would incur for that period.

Trevor submitted a financial affidavit to the court and in that affidavit he marked two variances which he believed would justify variation from the strict application of the child support guidelines. The variances were for the cost of living differential based on the geographic location of the parties and for the cost of long distance visitation. The court, in its order modifying child support, stated that it found insufficient evidence to grant the variance for cost of living differential, but took judicial notice of the distance between Las Vegas and Sidney and granted a $73 per month variance for long distance visitation.

In a separate order, the court denied Carrie's motion for attorney fees, noting that it had just increased child support from $43 per month to $425 per month, and that both parties were equally capable of paying attorney fees. Carrie appeals from the order modifying child support and from the order denying her an award of attorney fees.

ISSUE 1

Did the District Court abuse its discretion when calculating Trevor Dishon's child support obligation?

In child support modification cases, we review a district court's findings of fact to determine whether they are clearly erroneous. In re Marriage of Kovash (1995), 270 Mont. 517, 521, 893 P.2d 860, 862-63. A district court's conclusions of law are

3

reviewed to determine whether the court's interpretation of the law was correct. <u>Kovash,</u> 893 P.2d at 863. Finally, we review a district court's overall decision on modification of child support awards to determine whether the court abused its discretion. <u>Kovash,</u> 893 P.2d at 863. <u>See also</u> In re Marriage of Brandon (1995), 271 Mont. 149, 152, 894 P.2d 951, 953.

Child support awards and modifications must be determined under the Montana Child Support Guidelines. Section 40-4-204, MCA, provides in part:

> The amount determined under the guidelines is presumed to be an adequate and reasonable support award, unless the court finds by clear and convincing evidence that the application of the standards and guidelines is unjust to the child or to any of the parties or is inappropriate in that particular case.

In order to rebut this presumption, the party seeking the variance from the guidelines must present competent evidence showing that the application of the guidelines would be unjust or inappropriate. In re Marriage of Welch (1995), 273 Mont. 497, 504, 905 P.2d 132, 136; Platt v. Platt (1994), 267 Mont. 38, 41, 881 P.2d 634, 636. We have previously stated that a bare claim of entitlement to a variance is insufficient. <u>Welch,</u> 905 P.2d at 136.

Trevor checked the variance for the cost of long distance visitation on his financial affidavit, but he did not, as required by the affidavit, provide any factual details in support of his claim. He did not appear at the hearing and his attorney did not present any evidence as to what the visitations may cost Trevor or how often they may occur. The record is devoid of any evidence of

4

prior or projected travel expenses for Trevor's long distance visitation. Without any evidence as to cost or occurrence, all Trevor presented to the District Court was a bare claim of entitlement.

The District Court took judicial notice of the distance between Las Vegas and Sidney, as permitted by Rule 201 of the Montana Rules of Evidence, and awarded Trevor a monthly variance of $73. Although the court did not err by taking judicial notice of the distance, that alone does not constitute clear and convincing evidence that the application of the guidelines was unjust to Trevor or was inappropriate in his situation. Welch, 905 P.2d 132. Further, since the District Court had no evidence as to cost or occurrence of projected visitation, the $73 per month variation was based on speculation. A district court cannot base child support upon speculation. In re Marriage of Cox (1994), 266 Mont. 67, 73, 878 P.2d 903, 907. We therefore hold that the District Court abused its discretion in granting a variance for Trevor from the child support guidelines in the amount of $73 per month and reverse the District Court on that issue.

ISSUE 2

Did the District Court err in denying Carrie's request for attorney fees?

The District Court denied Carrie's motion for attorney fees pursuant to § 40-4-110, MCA. This section provides that the court may order a party to pay a reasonable amount for attorney fees

after considering the financial resources of both parties. Section 40-4-110, MCA. We review a district court's decision not to award attorney fees under § 40-4-110, MCA, to determine whether the court abused its discretion in refusing to award such fees. In re Marriage of Smith (1990), 242 Mont. 495, 503, 791 P.2d 1373, 1378; In re Marriage of Nalivka (1986), 222 Mont. 84, 91, 720 P.2d 683, 688.

Carrie argues that Trevor's failure to file a response to her motion for attorney fees is an admission that her motion is well taken. Although Rule 2(b) of the Uniform District Court Rules provides that a failure to file an answer brief within ten days shall be deemed an admission that the motion is well taken, it does not require the district court to grant the unanswered motion. Maberry v. Gueths (1989), 238 Mont. 304, 309, 777 P.2d 1285, 1288-89.

Pursuant to § 40-4-110, MCA, the district court must consider the parties' financial resources in determining whether an award of attorney fees is appropriate. Nalivka, 720 P.2d at 688. The District Court had both Trevor's and Carrie's current financial affidavits and the record indicates that the court was well aware of their respective financial resources. After considering this information, the court concluded that neither party was in a better position to pay attorney fees. Although the record reflects that Carrie was not in as strong of a financial position as Trevor, the financial affidavit filed by Trevor, along with the increase in

6

child support ordered by the District Court, indicates that he also had little discretionary income.  We conclude that the District Court did not abuse its discretion when it denied Carrie's motion for attorney fees.

The $73 per month variance granted by the District Court is reversed and the District Court's order is modified to reflect child support  at the amount  of  $498 per month.   We hereby incorporate the terms of the District Court's order that the payment of the child support at the amount of $498 per month shall be retroactive to July 19, 1995, and that the arrearage shall be paid at a rate of $150 a month until paid in full.  The District Court is affirmed as to the denial of Carrie's request for attorney fees.

Affirmed in part, reversed in part.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

August 27, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Phillip N. Carter
Attorney At Law
111 Second Avenue S.W.
Sidney MT 59270

Peter 0. Maltese
Attorney At Law
P.O. Box 969
Sidney MT 59270-0969

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy