No. 01-840

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 259N

EDWARD STAMPER,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and for the County of Cascade, Cause No. CDC-98-163
                    The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Edward Stamper, Shelby, Montana (*pro se*)

        For Respondent:

            Mike McGrath, Montana Attorney General, C. Mark Fowler, Assistant
            Montana Attorney General, Helena, Montana; Brant Light, Cascade County
            Attorney, Great Falls, Montana

                        Submitted on Briefs:  May 23, 2002

                                Decided:  September 24, 2003

Filed:

_____
                            Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Edward Stamper appeals the denial of his Petition for Postconviction Relief by the District Court for the Eighth Judicial District, Cascade County.  We affirm.

¶3     We address the following issue on appeal:  Whether the District Court erred in dismissing Stamper's Petition for Postconviction Relief without holding an evidentiary hearing.

## Factual and Procedural Background

¶4     On March 30, 1998, Stamper assaulted a detention officer and another inmate at the Cascade County Regional Detention Center.  As a result, the Cascade County Attorney's Office charged Stamper with felony assault and assault on a peace officer, also a felony, on April 6, 1998.  Stamper was convicted by a jury on both counts.  Thereafter, the District Court sentenced Stamper to concurrent ten-year terms, with five years suspended, in the Montana State Prison.  The court also sentenced him to an additional three years for the use of a weapon.  However, in response to this Court's decision in *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P.2d 312, the District Court amended Stamper's sentence to eliminate

2

the consecutive term for the use of a weapon.

¶5 On October 17, 2000, while his direct appeal was pending, Stamper filed a petition for postconviction relief raising the following grounds for relief: (1) defense counsel's ineffective representation denied Stamper the right to a fair trial; (2) defense counsel ineffectively represented Stamper by failing to investigate possible mitigating circumstances and witnesses, failing to have Stamper's mental health evaluated, and being unprepared for trial; (3) defense counsel prohibited Stamper from calling his own witnesses; (4) defense counsel failed to object during jury selection; and (5) defense counsel failed to object to the jury pool. The District Court stayed Stamper's petition pending resolution of his appeal before this Court. On October 10, 2000, Stamper filed a Motion for Voluntary Dismissal of Appeal and this Court granted the motion the following day.

¶6 On September 10, 2001, the District Court issued its "Order Re Defendant's Petition for Post-conviction Relief" wherein the court concluded that a hearing was not warranted. Thereafter, the court dismissed all of Stamper's claims because they were conclusory. The court also specifically found that two of Stamper's claims were procedurally barred. Stamper appeals the District Court's order.

### Standard of Review

¶7 We review a district court's denial of a petition for postconviction relief to determine whether that court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9 (citation omitted). Discretionary rulings in postconviction relief proceedings, including

3

rulings relating to whether to hold an evidentiary hearing, are reviewed for abuse of discretion. *Hanson*, ¶ 9.

## Discussion

¶8 *Whether the District Court erred in dismissing Stamper's Petition for Postconviction Relief without holding an evidentiary hearing.*

¶9 The District Court determined that a hearing on Stamper's Petition for Postconviction Relief was not warranted because all of Stamper's claims were conclusory and without merit. The court also determined that two of Stamper's claims were barred from consideration pursuant to § 46-21-105(2), MCA, because they could be documented from the record and, thus, should have been raised directly on appeal.

¶10 Stamper argues that the District Court erred by prematurely dismissing his petition for postconviction relief without holding a hearing or making proper findings of fact and conclusions of law. He maintains that he has never been provided with an adequate remedy for review of his ineffective assistance claims, thus he requests that we order the District Court to appoint new counsel to represent him and to hold a hearing on his claims.

¶11 Stamper's ineffective assistance of counsel claims include allegations that his trial counsel was ineffective because counsel failed to investigate the various defenses available to Stamper especially the defense of mental disease or defect. Stamper also contends that

trial counsel's failure to object during jury selection was intentional and should be considered as "plain error." In addition, Stamper argues that his appellate counsel was ineffective for

4

failing to raise on appeal Stamper's ineffective assistance claims regarding trial counsel and for advising Stamper to withdraw his appeal and file instead a petition for postconviction relief in the District Court.

¶12    The State argues on the other hand that Stamper's contentions that he is entitled to a hearing are meritless and that Stamper is attempting to cast the Montana postconviction procedure as a broad discovery vehicle that allows probing for facts to establish a claim. The State further argues that Stamper mentions the term "plain error" for the first time on appeal and that Stamper fails to substantiate the application of "plain error" analysis to his claims.

¶13    Under § 46-21-201(1)(a), MCA, a district court may dismiss a postconviction petition as a matter of law for failure to state a claim for relief. Postconviction relief is not available on claims for relief that a petitioner could have raised on direct appeal. Section 46-21-105(2), MCA. We have consistently applied the procedural bar in § 46-21-105(2), MCA, to foreclose review in postconviction proceedings of issues which a petitioner could have raised on direct appeal. *See Gollehon v. State*, 1999 MT 210, ¶¶ 50-51, 296 Mont. 6, ¶¶ 50-51, 986 P.2d 395, ¶¶ 50-51, *cert. denied*, 529 U.S. 1041, 120 S.Ct. 1539, 146 L.Ed.2d 353 (2000); *Mothka v. State* (1997), 281 Mont. 175, 177, 931 P.2d 1331, 1333; *State v. Baker* (1995), 272 Mont. 273, 280-81, 901 P.2d 54, 58-59, *cert. denied*, 516 U.S. 1125, 116 S.Ct. 940, 133 L.Ed.2d 865 (1996).

¶14    Generally, an alleged failure to object to the introduction of evidence, to the testimony of a witness, or to prosecutorial misconduct at trial, has been deemed record-based and, therefore, appropriate for direct appeal. *State v. White*, 2001 MT 149, ¶ 15, 306 Mont. 58,

5

¶ 15, 30 P.3d 340, ¶ 15 (citations omitted). But, when the record does not provide the basis for the challenged acts or omissions of counsel, a defendant claiming ineffective assistance of counsel more appropriately makes his claims in a petition for postconviction relief. *State v. Herrman*, 2003 MT 149, ¶ 33, 316 Mont. 198, ¶ 33, 70 P.3d 738, ¶ 33 (citation omitted).

¶15    In *Herrman*, the defendant alleged that his counsel rendered ineffective assistance during *voir dire* when counsel failed to develop information in the record demonstrating an individual juror's bias and by failing to exercise challenges for cause against those jurors expressing bias. *Herrman*, ¶ 20. We determined in *Herrman* that

> it is a mistake to assume that we can determine from a cold record whether there was a tactical reason for not exercising a challenge. The reasons for counsel's actions or inactions should not be "assumed" but should be the subject of a postconviction evidentiary inquiry.

*Herrman*, ¶ 30.

¶16    Here, Stamper claims that his defense counsel ineffectively represented him because she failed to object to the exclusion of members of the jury panel based on race and she failed to object to the procedure used in selecting the jury pool. Just as we determined in *Herrman*, we conclude that because none of Stamper's claims regarding his counsel's actions during *voir dire* can be addressed without considering matters outside the record, Stamper's claims are appropriate for postconviction relief. Therefore, we hold that the District Court erred  in determining that these claims are barred pursuant to § 46-21-105(2), MCA.

¶17    The District Court also determined that all of Stamper's claims are conclusory and, therefore, without merit and a hearing was not warranted. As the State noted in its brief on

6

appeal, a Montana postconviction relief proceeding is not a discovery device in which a petitioner, through broad allegations in a verified pleading, may establish the right to an evidentiary hearing. *Smith v. State*, 2000 MT 327, ¶ 28, 303 Mont. 47, ¶ 28, 15 P.3d 395, ¶ 28, *cert. denied*, 533 U.S. 917, 121 S.Ct. 2524, 150 L.Ed.2d 696 (2001). A petition for postconviction relief must be accompanied by affidavits, records, or other evidence supporting its allegations. *Eiler v. State* (1992), 254 Mont. 39, 42, 833 P.2d 1124, 1126-27 (citing § 46-21-104(1)(c), MCA). The petition must also be accompanied by a supporting memorandum, including appropriate arguments and citations and discussion of authorities. Section 46-21-104(2), MCA.

¶18    Accordingly, a postconviction relief petitioner is expected to identify in detail not only the legal theories justifying the relief sought, but also the particular facts against which those theories must be applied--generalized factual allegations will not suffice. In the case *sub judice*, Stamper contended that his counsel inadequately investigated the mitigating circumstances of mental disease or defect and that his counsel violated his right to due process because she did not have his mental health evaluated. However, Stamper's counsel stated that Stamper never raised this issue with her and she had no knowledge of Stamper's purported suicide attempt. Indeed, Stamper failed to provide the court with any evidence that he raised this issue with counsel or that she was in fact incompetent. While he maintains that he tried to commit suicide, he concedes in his petition that he cannot prove that allegation.

¶19    Stamper also contended that his counsel failed to investigate possible witnesses or that she inadequately interviewed the witnesses that she called. However, nowhere in his

7

postconviction petition does Stamper provide a list of witnesses who should have been called or explain why trial counsel's interviewing techniques may have been inadequate. Stamper further contended that his counsel was unprepared at trial, however, Stamper once again failed to provide the court with any evidence in support of his allegations. In addition, counsel stated that she presented evidence at trial that Stamper justifiably used force against the detention officers. We will not second guess trial tactics and strategy. *State v. Schoffner* (1991), 248 Mont. 260, 268, 811 P.2d 548, 553 (citations omitted).

¶20 Lastly, Stamper contended that defense counsel failed to object to the exclusion of members of the jury panel based on race and she failed to object to the procedure used in selecting the jury pool. However, Stamper makes no showing and provides no discussion in his petition before the District Court or in his brief on appeal before this Court indicating which members of the jury panel should have been stricken and what supposed error existed in the procedure used in selecting the jury pool. Hence, we hold that the District Court was correct in determining that Stamper's claims are conclusory and without merit.

¶21 Stamper also argued on appeal that we must reverse his conviction and order a new trial based on plain error. The State correctly points out in its brief on appeal that Stamper did not argue plain error in the District Court, thus the District Court had no opportunity to rule on this issue. This Court will not consider issues raised for the first time on appeal. Section 46-20-104(2), MCA; *State v. Schmalz*, 1998 MT 210, ¶¶ 11-13, 290 Mont. 420, ¶¶ 11-13, 964 P.2d 763, ¶¶ 11-13; *Welch v. Welch* (1995), 273 Mont. 497, 502, 905 P.2d 132, 136.

¶22 Moreover, Stamper has the burden on appeal to demonstrate why this Court should exercise its extraordinary jurisdiction to review a matter under plain error principles. *See State v. Pizzichiello*, 1999 MT 123, ¶ 11, 294 Mont. 436, ¶ 11, 983 P.2d 888, ¶ 11. Stamper has failed to make that showing here. Stamper's argument supporting application of the plain error doctrine consists of a single, conclusory sentence.

¶23 Accordingly, we hold that, based on all of the foregoing, the District Court was correct in determining that a hearing on Stamper's Petition for Postconviction Relief was not warranted.

¶24 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART