NO. 95-444

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

     Petitioner and Appellant,

  V.

LAWRENCE R. SHEPPARD,

     Defendant and Respondent.

FILED

JUN 20 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          David L. Ohler, Special Assistant Attorney
General, Lois Adams and Diana P. Leibinger,
Department of Corrections, Helena, Montana

          Robert Deschamps, III, Missoula County
Attorney; Betty Wing, Deputy County Attorney,
Missoula, Montana

     For Respondent:

          William Boggs, Attorney at Law,
Missoula, Montana

Submitted on Briefs:  March 21, 1996

Decided:  June 20, 1996

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Lawrence Sheppard was found guilty and sentenced by the District Court for the Fourth Judicial District in Missoula County to thirty years in the Montana State Prison for the crime of sexual intercourse without consent. After two years of incarceration for his conviction, Sheppard filed a document with the Fourth Judicial District Court in which he moved the court to order that he be permitted to attend his annual parole review with counsel and that he be permitted to enroll in the Prison's sexual offender program. On July 7, 1993, the District Court granted Sheppard's motions. On June 20, 1995, Sheppard filed a motion with the District Court in which he sought another order from the court directing the Prison to enroll him in the sexual offender program. On July 14, 1995, following a hearing, the District Court issued the requested order. The State appeals the District Court's order. We affirm the order of the District Court.

This opinion is limited to the issue of whether service was properly effected in this case.

FACTUAL BACKGROUND

On September 13, 1989, Larry Sheppard was charged in the District Court for the Fourth Judicial District with the offense of sexual intercourse without consent. A jury found Sheppard guilty of the offense on December 8, 1989, and on January 31, 1990, the District Court sentenced Sheppard to thirty years in the Montana State Prison with fifteen years suspended. The District Court

2

designated Sheppard a nondangerous offender for purposes of parole eligibility.

Sheppard had his first parole hearing on October 30, 1991. Following the hearing, the State of Montana Board of Pardons issued a written decision in which it denied Sheppard parole. Although Sheppard had successfully completed Phase I of the Prison sexual offender program, the Board of Pardons appeared to make further consideration of his parole contingent on completion of Phase II of that program. However, although Sheppard applied several times for admission to Phase II, he was denied admission to the program due to his refusal to admit guilt to the crime for which he had been convicted. Sheppard admitted misdemeanor culpability but maintained he did not commit sexual intercourse without consent because no penetration had occurred.

Sheppard was eligible for annual review of his parole status in October 1992. On September 24, 1992, Sheppard's counsel wrote to the Board of Pardons requesting that he be permitted to represent Sheppard at the October parole hearing. On October 5, 1992, the Board of Pardons denied that request and indicated that neither would Sheppard be permitted to attend the hearing.

On October 14, 1992, Sheppard filed a document with the Fourth Judicial District Court entitled "Alternative Motion or Habeas Petition," in which he alleged that (1) his constitutional rights were violated when he and his counsel were not permitted to be present at his annual parole review; and (2) his Fifth Amendment

3

and Due Process rights were violated when he was denied participation in Phase II of the sexual offender program until he admitted that he was guilty of the crime for which he had been convicted. On July 7, 1993, the District Court issued its opinion and order. The court ordered that Sheppard be permitted to attend his annual parole review with counsel pursuant to § 46-23-204, MCA. The court further ordered that Sheppard was "entitled to participate in the [sexual offender] program regardless of his resolve to deny guilt."

Despite the court's order, Sheppard was not admitted to Phase II of the sexual offender program. Therefore, on June 20, 1995, Sheppard filed a document, entitled "Motions," with the Fourth Judicial District Court. Among other motions, Sheppard sought an order from the court "directing the Montana State Prison to permit [Sheppard] to be enrolled in the I.T.U. Sexual Offender Program Phase II." Sheppard served his motion on the Deputy County Attorney for Missoula County who had prosecuted him, but did not serve the attorney for the Department of Corrections. The County Attorney appeared at the hearing on July 11, 1995, and advanced the State's position that "[Sheppard] has refused to accept responsibility for his crime, and consequently cannot be admitted to the Sexual Offender Program, Phase II, I.T.U."

On July 14, 1995, the District Court issued an order directing that Sheppard be admitted into and allowed to participate in Phase II of the sexual offender program at Montana State Prison.

4

In that order, the court stated clearly that it was reaffirming and clarifying its previous July 7, 1993, order and that the rationale for its order remained unchanged.

DISCUSSION

On July 7, 1993, the District Court entered an opinion and order in which it concluded, in part, that Sheppard's choice to exercise his Fifth Amendment rights should not preclude his participation in Phase II of Montana State Prison's sexual offender program. When the Montana State Prison failed to enroll Sheppard in the sexual offender program following that order, the District Court entered another order reaffirming its previous decision. Although the State of Montana did not appeal the court's July 7, 1993, order, it now appeals the court's July 14, 1995, reaffirmation of that order and claims: (1) that the District Court did not have jurisdiction to order that Sheppard be enrolled in Phase II of the sexual offender program; (2) that the court's order violated the Montana Constitution's separation of powers clause, Article III, Section 1; and (3) that service of Sheppard's second motion was improper because it was not made on the attorney for the Department of Corrections.

The issue of the court's jurisdiction to order that Sheppard be enrolled in the sexual offender program and the separation of powers issue are substantive issues which the State could have raised in an appeal from the District Court's 1993 order. Because the State failed to timely appeal that order, as provided by

5

Rule 5(b), M.R.App.P., we hold that the State is bound by the 1993 order. The District Court's 1995 order was simply an enforcement of its earlier decision which had become final due to the State's failure to appeal. Accordingly, we decline to address the substantive issues raised by the State, and on appeal address only the procedural issue of whether service of Sheppard's second motion was improper because Sheppard failed to serve the attorney for the Department of Corrections.

Rule 5(b), M.R.Civ.P., provides in part that: "Whenever . service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney . . ." In this case, Sheppard filed a motion with the Fourth Judicial District Court on June 20, 1995. Sheppard served a copy of the motion on the Deputy County Attorney in Missoula County who had prosecuted him, but did not serve the attorney for the Department of Corrections who had responded to his 1993 motion. On appeal, the Department contends that Sheppard's failure to serve its attorney in 1995 in the second action deprived the State of the opportunity to present evidence at the district court hearing. The Department further contends that "[t]he denial of an opportunity to be heard was material to the Court's decision."

Whether improper service is a reversible error requires an examination of the facts and the Montana Rules of Civil Procedure. *Phennicie v. Phennicie* (1979), 185 Mont. 120, 124, 604 P.2d 787, 789. In this case, Sheppard served a copy of his motion to compel the

6

Montana State Prison to enroll him in the sexual offender program on the Missoula Deputy County Attorney who had prosecuted Sheppard on behalf of the State in the underlying criminal proceeding. The Deputy County Attorney appeared at the district court hearing on July 11, 1995, and presented the State's position that "[Sheppard] has refused to accept responsibility for his crime, and consequently cannot be admitted to [Phase II of] the Sexual Offender Program." At the hearing, the County Attorney made no suggestion that she lacked authority to represent the State in this matter.

Pursuant to § 7-4-2716(1), MCA, a county attorney is required to

> attend the district court and . . . represent the state
> in all matters and proceedings to which it is a party or
> in which it may be beneficially interested, at all times
> and in all places within the limits of his county.

In this case, Sheppard filed his motion against the State of Montana in the District Court in Missoula County and served the County Attorney for that county. Clearly, pursuant to § 7-4-2716(1), MCA, the County Attorney had authority to represent the State. Therefore, because the County Attorney in this case had the authority to and did in fact represent the State at the District Court hearing, the State was not denied an opportunity to be heard in this matter.

Furthermore, the Department of Corrections had already had the opportunity to advance its position in 1993 when Sheppard brought his first motion and when the same District Court addressed the

7

identical issue. Prior to the District Court's ruling, the Department of Corrections filed several documents in support of its position. It is clear from the District Court's 1993 order that the court fully considered the Department's arguments before it rendered its decision and order. The court's 1995 order merely enforced its earlier decision.

Rule 61, M.R.Civ.P., which describes harmless error, provides that:

> No error . . . or defect . . . in anything done or omitted by the court or by any of the parties is ground for . . vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.

In this case, given the fact that the Department of Corrections had ample opportunity to present evidence in support of its position in 1993 when the District Court first addressed this issue, and given the fact that the State was adequately represented by the Missoula County Attorney at the District Court's 1995 hearing, we hold that Sheppard's failure to serve the Department of Correction's attorney was not inconsistent with substantial justice. Because we conclude that failure to serve the Department's attorney was, at most, harmless error, we affirm the July 14, 1995, order of the District Court.

_____
Justice!

8

We concur:

_____
Chief Justice

_____

_____

_____
Justices